Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/29/2019 09:07 AM CDT

State of Nebraska, appellee, v.
Marvin D. Sundquist, appellant.
___ N.W.2d ___

Filed January 4, 2019.    No. S-17-1297.

1. **Effectiveness of Counsel: Appeal and Error.** Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact.
2. **____: ____.** When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error.
3. **Courts: Appeal and Error.** Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record.
4. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
5. **Appeal and Error.** An appellate court independently reviews questions of law in appeals from the county court.
6. **Effectiveness of Counsel: Proof.** To prevail on a claim of ineffective assistance of counsel, the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.
7. **Effectiveness of Counsel: Records: Appeal and Error.** A claim of ineffective assistance of counsel need not be dismissed merely because it is made on direct appeal. The determining factor is whether the record is sufficient to adequately review the question.
8. **Effectiveness of Counsel: Proof: Appeal and Error.** When an ineffective assistance of counsel claim is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel.

9. \_\_\_\_: \_\_\_\_: \_\_\_\_. General allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal and thereby preserve the issue for later review.

10. **Effectiveness of Counsel: Records: Appeal and Error.** An ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice.

11. **Actions: Waiver: Appeal and Error.** Under the law-of-the-case doctrine, a well-recognized waiver rule has emerged: A decision made at a previous stage of litigation, which could have been challenged in the ensuing appeal but was not, becomes the law of the case; the parties are deemed to have waived the right to challenge that decision.

Appeal from the District Court for Dodge County, Geoffrey C. Hall and Timothy P. Burns, Judges, on appeal thereto from the County Court for Dodge County, Kenneth J. Vampola, Judge. Judgment of District Court affirmed.

Marvin D. Sundquist, pro se.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ.

Heavican, C.J.

## I. INTRODUCTION

This is an appeal from the district court for Dodge County, Nebraska. Following a retrial in the county court for Dodge County, a jury convicted Marvin D. Sundquist of driving under the influence (DUI), second offense aggravated. Sundquist was sentenced to 18 months' probation. The district court affirmed. Sundquist appeals. We affirm.

## II. BACKGROUND

At approximately midnight on November 17, 2014, Officer Anthony Gartner conducted a traffic stop on a vehicle for

speeding. Sundquist was the driver and only person present in the vehicle. After making contact with Sundquist, Gartner smelled the odor of alcoholic beverage coming from inside the vehicle and noticed that Sundquist's eyes were watery and bloodshot. Sundquist also admitted to drinking.

Gartner asked Sundquist to perform certain field sobriety tests, as well as a preliminary breath test. The results of this testing indicated that Sundquist was impaired. Sundquist was arrested and submitted to a chemical breath test performed in accordance with all relevant regulations. The chemical breath test was completed using a machine commonly referred to as a "DataMaster," a machine that utilizes infrared spectrophotometry, or an infrared light beam, to measure the alcohol content in a person's breath. The result of the chemical breath test showed Sundquist's breath alcohol content to be .160 of 1 gram of alcohol per 210 liters of breath.

### 1. Pretrial Proceedings

The State charged Sundquist with DUI, second offense aggravated, under Neb. Rev. Stat. §§ 60-6,196 (Reissue 2010) and 60-6,197.03(5) (Cum. Supp. 2014), a Class I misdemeanor. At a hearing on January 13, 2015, the State offered to drop the aggravated portion of the charge as part of a plea agreement in exchange for Sundquist's pleading guilty or no contest. Sundquist, acting pro se, rejected the offer and sought a jury trial. At the insistence of the court, Sundquist was given the opportunity to reconsider his decision and to seek counsel. Though the order of events is not entirely clear from the record, it appears that Sundquist was eventually appointed counsel, but still rejected the offered plea agreement.

### 2. First Trial

Trial was held on April 9, 2015. Sundquist, by this time represented by counsel, objected to Gartner's testimony regarding the results of Sundquist's breath test. Sundquist's objection was based on the State's failure to disclose "the appropriate

certification" to establish Gartner as qualified to operate the DataMaster. Sundquist argued that "his entire defense was based on the State's failure to disclose the correct permit and that . . . he had prepared no alternative strategy or defense." After hearing from the parties, the county court overruled Sundquist's objection. The jury found Sundguist guilty, and the county court found Sundquist's conviction to be a second offense.

Several days later, Sundquist's counsel moved for a new trial. Sundquist, acting pro se, moved to withdraw the motion and further asked that new counsel be appointed. In response, Sundquist's trial counsel withdrew and new counsel was appointed. Sundquist was subsequently sentenced to 18 months' probation.

### 3. First Appeal

On June 16, 2015, Sundquist appealed his conviction to the district court. In that appeal, Sundquist argued, among other things, that the county court erred in allowing the arresting officer "to provide testimony in regard to the results of the test as his certification to operate the testing device was not previously provided to [Sundquist] and his counsel." After hearing from the parties, the district court agreed that the county court had erred. The district court further concluded that the error was not harmless. Accordingly, the district court reversed the county court's judgment and remanded the case for further proceedings.

On February 26, 2016, Sundquist appealed to the Nebraska Court of Appeals, arguing that the Double Jeopardy Clause forbade a retrial. On July 29, in case No. A-16-213, the Court of Appeals rejected that argument and summarily affirmed.

### 4. Second Trial

A second trial was held on April 20, 2017. Sundquist filed multiple pretrial motions. First, Sundquist moved for discharge on speedy trial grounds, which the county court denied. Second,

once the State made clear that it would not offer Sundquist a plea agreement as it had initially done prior to the first trial, Sundquist moved to dismiss on the grounds of prosecutorial misconduct and prosecutorial vindictiveness. That motion was also denied.

At trial, the State again called Gartner to testify. His testimony was consistent with his prior testimony and covered the traffic stop, the on-the-scene investigation, and the chemical breath test at the police station. The State also called the maintenance officer for the breath test machine to testify. The officer's testimony encompassed the chemical breath test machine, the various maintenance protocols, and the relevant margin of error. Specifically, he testified that the machine was working properly on the day in question.

A jury found Sundquist guilty, and the county court again determined that Sundquist's conviction was a second offense. Sundquist was again sentenced to 18 months' probation.

### 5. SECOND APPEAL

On May 30, 2017, Sundquist, represented by counsel, appealed his conviction to the district court. Counsel did not file a statement of errors on Sundquist's behalf before that court. Despite this, the district court addressed the issue raised at the appeal hearing: that Sundquist was entitled to a reoffer of the earlier plea agreement that the State proposed before the first trial and the State's failure to do so was improper. The district court affirmed the county court's judgment and conviction, noting that the court found no error. Sundquist appeals.

## III. ASSIGNMENTS OF ERROR

Sundquist assigns, consolidated and restated, that (1) his counsel was ineffective in various ways, (2) both counsel were ineffective and Sundquist's due process rights were violated with respect to the State's only offered plea agreement, and (3) his constitutional rights were violated by various actions of the State and the trial court.

## IV. STANDARD OF REVIEW

[1,2] Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact.[1] When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error.[2] With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*,[3] an appellate court reviews such legal determinations independently of the lower court's decision.[4]

[3-5] Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record.[5] When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[6] But an appellate court independently reviews questions of law in appeals from the county court.[7]

## V. ANALYSIS

### 1. INEFFECTIVE ASSISTANCE OF COUNSEL

Sundquist contends that he received ineffective assistance of counsel during the course of his representation. First, he argues that he was, in effect, denied an appeal to the district court because (1) he received ineffective assistance of counsel in that his attorney (a) failed to file a statement of errors, (b) failed to make "persuasive" arguments, (c) failed to

---

[1] *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014).

[2] *Id.*

[3] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[4] *State v. Timmens*, 282 Neb. 787, 805 N.W.2d 704 (2011).

[5] *State v. Avey*, 288 Neb. 233, 846 N.W.2d 662 (2014).

[6] *Id.*

[7] *Id.*

adequately challenge the chemical breath test, and (d) failed to argue that his performance on the field sobriety tests was inconsistent with the level of intoxication as indicated by the chemical breath test, and (2) the court prevented him from arguing in his own behalf. Sundquist next claims his counsel was ineffective by not adequately communicating with Sundquist. Finally, Sundquist argues that the State interfered with his right to effective assistance of counsel in the first trial by not disclosing that Gartner was qualified to operate the chemical breath test machine, which Sundquist argues interfered with his counsel's ability to advise him during plea negotiations.

[6-9] To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington,* the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.[8] A claim of ineffective assistance of counsel need not be dismissed merely because it is made on direct appeal. The determining factor is whether the record is sufficient to adequately review the question.[9] When the claim is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel.[10] General allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal and thereby preserve the issue for later review.[11]

[10] Appellate courts have generally reached ineffective assistance of counsel claims on direct appeal only in those instances where it was clear from the record that such claims

---

[8] *State v. Casares*, 291 Neb. 150, 864 N.W.2d 667 (2015).

[9] *Id.*

[10] *Id.*

[11] *Id.*

were without merit, or in the rare case where trial counsel's error was so egregious and resulted in such a high level of prejudice that no tactic or strategy could overcome the effect of the error, which effect was a fundamentally unfair trial. An ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice.[12]

As we have previously stated, an appellant is required to specifically assign and argue his or her trial counsel's allegedly deficient conduct.[13] This arises from a fundamental rule of appellate practice. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court.[14] A generalized and vague assignment of error that does not advise an appellate court of the issue submitted for decision will not be considered.[15] Similarly, an argument that does little more than restate an assignment of error does not support the assignment, and an appellate court will not address it.[16]

It naturally follows that on direct appeal, an appellate court can determine whether the record proves or rebuts the merits of a claim of ineffective assistance of trial counsel only if it has knowledge of the specific conduct alleged to constitute deficient performance.[17] An appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel when raising an ineffective assistance claim on direct appeal.[18]

---

[12] *Id.*

[13] *State v. Filholm, supra* note 1.

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

### (a) Failure to File Statement of Errors

Sundquist assigns that his counsel failed to file a statement of errors in his appeal to the district court. The State concedes that counsel did not file a statement of errors, but argues that Sundquist suffered no prejudice, because the district court addressed Sundquist's challenges on appeal despite counsel's deficient performance. We note that the district court considered the argument advanced by Sundquist in his appeal to that court. The district court found no merit to Sundquist's argument as to the filing of a statement of errors. We agree.

The district court considered the argument advanced by Sundquist in his appeal to that court, despite the absence of a statement of errors. At the close of arguments, the district court stated, "I don't find any error that occurred at the County Court level. As I just indicated to your plea offer argument, is — I would say it's frivolous. . . . The State is under no obligation to re-offer you any type of plea agreement once you rejected it." The court's statement at the close of argument indicates that the court addressed the argument raised by Sundquist despite the fact that the alleged error—the refusal to require the State to reoffer a previously rejected plea agreement—had not been assigned in a statement of errors to the court. Furthermore, as we conclude below, Sundquist was not entitled to a reoffer of the plea agreement. As such, Sundquist was not prejudiced by his counsel's inadequate performance.

This case is reminiscent of *State v. Stubbendick*,[19] a case heard by the Court of Appeals. In *Stubbendick*, the defendant's attorney likewise failed to file a statement of errors, leaving the district court to limit its review to plain error. The defendant argued that had counsel properly filed a statement of errors which challenged the probable cause findings regarding his operation of a vehicle on a public roadway and the sufficiency of the evidence, the district court may have

---

[19] *State v. Stubbendick*, No. A-14-232, 2014 WL 4825375 (Neb. App. Sept. 30, 2014) (selected for posting to court website).

found in his favor on these issues. The Court of Appeals applied *Strickland*, finding that the defendant's arguments did not demonstrate a reasonable probability that but for his counsel's allegedly deficient performance, the result of the proceeding would have been different. The result is the same in this case.

As such, there is no merit to Sundquist's argument as to the filing of a statement of errors.

### (b) Failure to Make "Persuasive" Arguments

Sundquist argues that he suffered ineffective assistance of counsel at his second trial on April 20, 2017, where he claims his counsel failed to make "persuasive" arguments to both the county court and the district court on appeal concerning the margin of error of the DataMaster.

First, Sundquist argues that his trial counsel should have attacked either the admissibility or the accuracy of the DataMaster results, or vigorously attacked the margin of error of the DataMaster. Sundquist contends that at trial, his counsel "made a half-hearted attempt at questioning the margin of error."[20] Sundquist claims that his attorney should have questioned the accuracy of the DataMaster and the difference between a 5-percent margin of error allowed in a controlled environment, as compared to the margin of error in an uncontrolled environment. We observe, however, that counsel raised the issue of the DataMaster's accuracy and the margin of error. As such, counsel's conduct was not deficient.

Sundquist next argues that on appeal to the district court, his attorney failed to effectively argue in support of his position that the State was required to reoffer the original plea agreement. Again, we note the record demonstrates that counsel raised the issue. Despite lacking legal authority for the position, counsel nevertheless argued that the State should have

---

[20] Brief for appellant at 8.

been required to reoffer the rejected plea agreement, because the State failed to provide Gartner's DataMaster certification at the time the plea agreement was offered.

It is important to note that the district court properly observed that under *State v. Obermier*,[21] the State is not required to enter the certification into evidence. Despite counsel's effort, the district court denied the appeal, further noting that it was, in the opinion of the court, "frivolous." Counsel cannot be deficient in raising the very issue Sundquist now complains about, and as such, there is no merit to Sundquist's allegation.

As for the argument that the State was required to reoffer the previously rejected plea agreement, the record shows that despite being aware that case law did not support the position that the State must reoffer the prior plea agreement, Sundquist's counsel argued that the State was required to reoffer the previously rejected plea agreement. Counsel based that request on the State's action in failing to disclose the officer's chemical test machine certification. Because Sundquist does not explain precisely what counsel should have argued in an effort to prevail on this point, and because counsel clearly raised the issue of the prior plea agreement, counsel's conduct was not deficient.

Sundquist also argues that the court erred and caused him to have ineffective assistance of counsel when it declined to allow Sundquist to be heard following the court's ruling on the reoffer of the plea agreement. The court observed that Sundquist was represented by counsel and not entitled to address the court at that time due to the presence of counsel on his behalf. We find no error in the court's ruling. We have noted that a defendant does not have a right to any type of "hybrid representation," and it is within the trial court's discretion whether to allow such representation.[22] The trial court did not err in refusing to

---

[21] *State v. Obermier*, 241 Neb. 802, 490 N.W.2d 693 (1992).

[22] *State v. Wilson*, 252 Neb. 637, 652, 564 N.W.2d 241, 253 (1997).

allow Sundquist to be heard at a time when he was represented by counsel.

There is no merit to these allegations.

### (c) Failure to Argue Sundquist's Performance on Field Sobriety Tests Was Inconsistent With Level of Intoxication Indicated by Chemical Breath Test

Sundquist assigns that counsel was inadequate for failing to challenge that Sundquist's performance on the field sobriety tests was inconsistent with the results of the chemical breath test indicating the level of intoxication. We have combined these assignments as they are indistinguishable. The record demonstrates that Sundquist's counsel had no grounds to argue that Sundquist's performance on the field sobriety tests and lack of video evidence were inconsistent with the level of intoxication shown by the chemical breath test results. Gartner's testimony indicated that Sundquist showed signs of impairment on the field sobriety tests in that Sundquist was unable to complete maneuvers, could not maintain his balance, and failed to follow directions, all of which are consistent with intoxication and none of which can be used to establish that Sundquist was below a .150 breath alcohol content level.

### (d) Failure to Adequately Communicate With Sundquist

Sundquist next alleges that counsel failed to adequately communicate with him. Sundquist alleges that prior to his second trial, he requested that counsel hire an expert witness to determine the margin of error for the chemical breath test machine. Sundquist claims he was unaware that counsel had failed to obtain an expert until a week prior to trial. Further, Sundquist alleges that he never discussed trial strategy with his attorney. However, Sundquist fails to demonstrate how an expert would have meaningfully contributed to his margin of error claim

beyond the cross-examination of the State's witnesses concerning the particular DataMaster unit's margin of error. Further, as to Sundquist's claim that counsel failed to communicate trial strategy, the record contradicts Sundquist's claims.

At the district court appeal, counsel is on record stating, "I've communicated all pleas to my client since I was appointed. No pleas were ever offered, Judge, at the lower case in County Court." Further, Sundquist's counsel followed the trial strategy of highlighting the margin of error of the breath test machine, a strategy that Sundquist was clearly aware of as, by his own admission, he sought to hire an expert to lend credibility to the argument regarding the margin of error. Additionally, counsel clearly argued that Sundquist "wish[ed] that he had the opportunity to plead to the lower charge," a statement that is accurate and was effectively communicated to both Sundquist's counsel and the court. Ultimately, however, Sundquist failed to sufficiently allege facts that demonstrate deficient performance. Further, the evidence against Sundquist was overwhelming and better communication would not have changed the weight of the evidence.

There is no merit to this allegation.

### (e) Sundquist Claims State Interfered With Right to Effective Assistance of Counsel in First Trial by Not Disclosing Gartner's Certification

Sundquist also argues that the State interfered with his counsel's communication by withholding information about Gartner's chemical breath test machine certification at the time of the plea offer. Additionally, Sundquist contends that his due process rights were violated when he was denied the opportunity to make a knowing and voluntary decision regarding the initial plea offer.

We turn first to whether Sundquist waived his right to appeal the issue regarding the plea agreement. The State correctly asserts that Sundquist's claim regarding the prosecution's failure to disclose information during a plea offer is not

properly before the court. The State, relying on *Pennfield Oil Co. v. Winstrom*,[23] grounds its argument on the fact that in the first appeal, Sundquist had the opportunity and the incentive to raise the claim regarding the plea agreement, noting that Sundquist waived the issue by failing to raise the claim on his first appeal.

[11] In *Pennfield Oil Co.*, we noted that under the law-of-the-case doctrine, a well-recognized waiver rule has emerged: A decision made at a previous stage of litigation, which could have been challenged in the ensuing appeal but was not, becomes the law of the case; the parties are deemed to have waived the right to challenge that decision, for it would be absurd that a party who has chosen not to argue a point on a first appeal should stand better with regard to the law of the case than one who had argued and lost.

The State also relies on *U.S. v. Henry*,[24] in support of its argument. In *Henry*, the U.S. Court of Appeals for the District of Columbia Circuit stated, "It is well-settled that 'where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand.'"[25]

Here, Sundquist had the opportunity and the incentive to raise the claim regarding the plea agreement during his original appeal following his first trial and conviction. Sundquist failed to do so and is therefore bound by the law-of-the-case doctrine.

Sundquist waived this claim by failing to appeal it during the initial appeal that followed his first trial and conviction.

2. CLAIMS OF CONSTITUTIONAL VIOLATIONS

Sundquist next contends that his constitutional rights were violated in various ways. First, Sundquist argues that the

---

[23] *Pennfield Oil Co. v. Winstrom*, 276 Neb. 123, 752 N.W.2d 588 (2008).

[24] *U.S. v. Henry*, 472 F.3d 910 (D.C. Cir. 2007).

[25] *Id.* at 913.

State's refusal to reoffer the same plea agreement at his second trial, which he had rejected at his first trial, amounted to vindictive prosecution, a due process violation. Sundquist also assigns that he is being punished for "something other than the crime he was charged with." Next, Sundquist argues that his second conviction and sentence violated the Double Jeopardy Clause. Lastly, Sundquist argues that his right to a speedy trial was violated.

### (a) Vindictive Prosecution

Sundquist alleges that the State engaged in vindictive prosecution by refusing to reoffer the previously rejected plea agreement once the case had been remanded for a new trial. Specifically, Sundquist points to a statement made by the State during the second trial, noting that "'[a]s an office policy, after a jury trial, we don't make plea offers.'"[26] Sundquist relies on *Blackledge v. Perry*[27] to support this claim.

We begin by observing that Sundquist is, of course, correct that punishing a person because he has done what the law plainly allows him to do—in this case appeal his conviction—is a due process violation "of the most basic sort."[28] The U.S. Supreme Court has noted that while an individual certainly may be penalized for violating the law, he just as certainly may not be punished for exercising a protected statutory or constitutional right.

But the Court went on to note that the imposition of punishment is the very purpose of criminal proceedings. Therefore, the presence of a punitive motivation does not provide an adequate basis for distinguishing governmental action that is justified as a legitimate response to criminal conduct from governmental action that is an impermissible response to a protected activity. The Court, in establishing the presumption

---

[26] Brief for appellant at 13.

[27] *Blackledge v. Perry*, 417 U.S. 21, 94 S. Ct. 2098, 40 L. Ed. 2d 628 (1974).

[28] *Bordenkircher* v. *Hayes*, 434 U.S. 357, 363, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978).

of a vindictive motive, specifically noted that it had done so only in cases in which a "*reasonable likelihood of vindictiveness exists*."[29]

Moreover, Sundquist misunderstands *Blackledge* and its implications on his case. In *Blackledge*, the U.S. Supreme Court affirmed the issuance of a writ of habeas corpus because the State charged a greater offense for the same conduct for which the defendant had sought a de novo retrial of a lower court conviction, finding that the State's higher charge had a potential vindictive nature.

In this case, Sundquist was not charged with a greater offense than what he had previously appealed, nor was his resulting sentence greater than that of his first trial. Sundquist argues that because he was not reoffered a plea agreement, his due process rights were violated. We disagree.

In *United States v. Osif*,[30] the U.S. Court of Appeals for the Ninth Circuit noted that "a defendant does not have a constitutional right to a plea bargain . . . nor, when he rejects a plea, can he later object to the government's decision to proceed to trial on the counts originally charged." Further, the Ninth Circuit indicated that the vindictive prosecution doctrine does not apply when neither the charge's severity nor the sentence is increased.

The factual background of *Osif* is on point in this case. The defendant appealed from his conviction for second degree murder pursuant to a plea agreement that provided for a 15-year sentence. Before entering the plea, the defendant was tried and convicted of first degree murder, but that conviction was reversed on appeal. Prior to the initial trial, the government offered a plea agreement with a 10-year sentence for second degree murder, which the defendant rejected. On appeal, he argued that the government's refusal to reoffer the earlier, more beneficial, plea agreement on remand amounted to vindictive

---

[29] *United States v. Goodwin*, 457 U.S. 368, 373, 102 S. Ct. 2485, 73 L. Ed. 2d 74 (1982) (emphasis supplied).

[30] *United States v. Osif*, 789 F.2d 1404, 1405 (9th Cir. 1986).

prosecution. The Ninth Circuit disagreed, noting that not only is there no constitutional right to a plea bargain, but that "vindictiveness is not present if there are independent reasons or intervening circumstances to justify the prosecutor's action."[31]

Here, neither Sundquist's charge nor his sentence was increased; rather, the State merely refused to reoffer, after an intervening conviction on the original charge, the same plea offer that was previously rejected by Sundquist before the initial trial. Additionally, the State had already xpended the resources to prepare and try the case. Further, the State had obtained a conviction, giving it confidence that a second conviction was likely.

There is no merit to the allegation.

(b) Sundquist's Claim That He Is Being Punished
for Something Other Than Crime With
Which He Was Charged

Assigned separately, but inextricably intertwined with Sundquist's prosecutorial vindictiveness claim, is Sundquist's claim that he is being punished for something other than the crime for which he was charged. Sundquist attempts to ground this argument in the fact that the State originally believed it appropriate to allow him to plead to nonaggravated DUI, a plea he rejected. He further argues that because his breath alcohol content was less than 10 percent over a .150 breath alcohol content, there was no reason to believe the trial court would not have accepted the plea.

Sundquist can provide no legal or factual authority on which he can ground this assignment of error. Further, his sentence was within limits established for the crime for which he was convicted. Therefore, this argument is without merit.

(c) Double Jeopardy Clause

Next, Sundquist argues that his conviction and sentence violate the Double Jeopardy Clause. The State contends that

---

[31] *Id.*

Sundquist did not properly present the argument to the district court and that the district court did not consider it; thus, the argument was not preserved on appeal. The State cites to *State v. Lavalleur*[32] to support its contention that on Sundquist's first appeal, the issue of double jeopardy was decided by the Court of Appeals, and that the issue may not now be relitigated on a subsequent appeal as it is now the law of the case.

We agree and find that the Court of Appeals' decision is the law of the case. Therefore, Sundquist's assignment of error is without merit.

### (d) Speedy Trial

Finally, Sundquist argues that the State violated his right to a speedy trial. The State again argues that while Sundquist raised the issue in the county court following remand, he did not present the issue to the district court on appeal, thus preventing the district court from considering the issue and allowing only a review for plain error.

Sundquist maintains that had the State provided him with the information concerning Gartner's certification, he would have agreed to the original plea agreement offered and pled guilty to nonaggravated DUI. Sundquist argues that the State's failure required him to proceed through two trials. But the State was not required to present the officer's permit, nor was the State required, at initial plea negotiations, to share the status of the officer's certification. Sundquist freely chose to take on a risky defense strategy, and the State does not bear the responsibility for that failed strategy.

Sundquist's final assignment of error is without merit.

### VI. CONCLUSION

The district court, sitting as an appellate court, did not err in denying Sundquist's appeal and affirming his conviction for

---

[32] *State v. Lavalleur*, 298 Neb. 237, 903 N.W.2d 464 (2017).

DUI, second offense aggravated, as well as his sentence of 18 months' probation. We affirm.

Affirmed.

Freudenberg, J., not participating.

Cassel, J., concurring.

I write separately to emphasize the duty of effective appellate counsel to file a statement of errors in an appeal of a county court criminal case to the district court.

Sundquist was entitled to effective appellate counsel on his appeal from county court to district court. A criminal defendant has the right to the effective assistance of appellate counsel in his or her first appeal as of right.[1] In a Nebraska criminal case tried in the county court, that first appeal runs to the district court.[2] Thus, Sundquist's appeal to the district court was his only appeal subject to the Sixth Amendment right to counsel.

To prevail on a claim of ineffective assistance of counsel under the *Strickland v. Washington*[3] analysis, the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.[4] Here, the State conceded that Sundquist's appellate counsel's failure to file a statement of errors was deficient performance (that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law[5]). This court agrees, and I agree with the court.

---

[1] See, *Halbert v. Michigan*, 545 U.S. 605, 125 S. Ct. 2582, 162 L. Ed. 2d 552 (2005); *Pennsylvania v. Finley*, 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987); *Evitts v. Lucey*, 469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *Ross v. Moffitt*, 417 U.S. 600, 94 S. Ct. 2437, 41 L. Ed. 2d 341 (1974); *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963).

[2] See *State v. Hughan*, 13 Neb. App. 862, 703 N.W.2d 263 (2005).

[3] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[4] *State v. Jedlicka*, 297 Neb. 276, 900 N.W.2d 454 (2017).

[5] *State v. Allen, ante* p. 560, 919 N.W.2d 500 (2018).

This court's opinion concludes that there was no prejudice shown here. Again, I agree. Two reasons persuade me. First, at the appeal hearing before the district court, Sundquist's appellate counsel advanced the very argument that Sundquist, now without counsel, urged to this court. Second, the record, which the court's opinion quotes, demonstrates that despite the failure to file the statement of errors, the district court considered the merits of Sundquist's argument. In other words, the district court did not apply the rule permitting it to review only for plain error.[6]

But as I see this appeal, those two facts were the only reasons not to apply a presumption of prejudice. *United States v. Cronic*[7] provides narrow exceptions to the *Strickland* analysis, where the reliability of the adversarial process is in such doubt that prejudice to the defendant will be presumed, resulting in a conclusion of ineffective assistance of counsel.[8] Two of the three *Cronic* exceptions are (1) where the accused is completely denied counsel at a critical stage of the proceedings and (2) where counsel entirely fails to subject the prosecution's case to meaningful adversarial testing.[9] Obviously, Sundquist's one and only counseled appeal as of right is a critical stage of the proceedings against him. Although Sundquist's appellate counsel failed to file the required statement of errors, at least he advanced the proposition Sundquist urges to this court. And the district court considered whether it constituted prejudicial error, which presents a much lower threshold than plain error.[10]

---

[6] See *State v. Nielsen, ante* p. 88, 917 N.W.2d 159 (2018).

[7] *United States v. Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984).

[8] *State v. Jedlicka, supra* note 4.

[9] See *id*.

[10] See *State v. Torres*, 300 Neb. 694, 915 N.W.2d 596 (2018) (plain error is error, plainly evident from record, which prejudicially affects litigant's substantial right and, if uncorrected, would result in damage to integrity, reputation, and fairness of judicial process).

But it seems to me that it is only a short distance from the situation here to the equivalent of a complete denial of counsel on appeal. If appellate counsel files no statement of errors and advances no arguments for reversal, which results in a cursory review by the district court for plain error, it would be difficult to avoid having to apply one or both of the *Cronic* exceptions recited above.

This in turn could easily result in a reversal of the district court's decision on appeal and a remand for a new direct appeal with new counsel. And it also implicates very basic ethical duties of Nebraska lawyers.[11] These potential consequences dictate that defendants' counsel in criminal case appeals from county court to district court should always file a timely statement of errors.

MILLER-LERMAN, J., joins in this concurrence.

---

[11] See Neb. Ct. R. of Prof. Cond. §§ 3-501.1 (rev. 2017) (competence) and 3-501.3 (diligence).