IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. ARELLANO


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

CARLOS T. ARELLANO, APPELLANT.


Filed February 26, 2019.    No. A-18-533.


Appeal from the District Court for Sarpy County: GEORGE A. THOMPSON, Judge. Affirmed.

Thomas P. Strigenz, Sarpy County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.


MOORE, Chief Judge, and RIEDMANN and WELCH, Judges.

MOORE, Chief Judge.

### INTRODUCTION

Carlos T. Arellano pled no contest to, and was convicted of, attempted first degree sexual assault, a Class IIA felony, and was sentenced to 18 to 20 years' imprisonment. On appeal, Arellano assigns that the district court erred in not holding a hearing on his motion to determine competency and in imposing an excessive sentence. Arellano also contends that he received ineffective assistance of trial counsel in various regards. As discussed below, we affirm Arellano's conviction and sentence, but we conclude that Arellano's claims of ineffective assistance of counsel cannot be determined on direct appeal.

### BACKGROUND

Arellano was originally charged in the district court for Sarpy County with first degree sexual assault, a Class II felony, and two counts of domestic assault, both Class I misdemeanors. He then filed a motion to evaluate his competency, which motion was granted. At a hearing

- 1 -

following the evaluation, a letter from Dr. Klaus Hartmann was marked and received in evidence, although it is not contained in our bill of exceptions. A discussion was held between the court and counsel, at which time Arellano's attorney indicated that it was their intention to withdraw the motion and set the matter for pretrial. Arellano's counsel also agreed that the evaluation found Arellano to be competent. On December 29, 2017, the court entered an order stating that "the Motion for Competency was withdrawn with the understanding and agreement that [Arellano] is competent pursuant to Dr. Hartmann's evaluation." Thereafter, pursuant to a plea agreement, Arellano pled no contest to the amended charge of attempted first degree sexual assault, a Class IIA felony, and the domestic assault counts were dismissed.

At the plea hearing, a factual basis was recited which indicated that while at the residence of his ex-girlfriend, Arellano forced her to engage in sexual intercourse without her consent. The court found beyond a reasonable doubt that Arellano understood the nature of the charge and the possible sentence; that his plea was made freely, knowingly, intelligently, and voluntarily; and that a factual basis existed for the plea.

Following a presentence investigation, the district court sentenced Arellano to 18 to 20 years' imprisonment, with credit for 278 days previously served. Arellano was also required to register under the Nebraska Sex Offender Registration Act.

Arellano timely appeals.

## ASSIGNMENTS OF ERROR

Reordered and restated, Arellano assigns that the district court erred in not holding a hearing on his motion to determine competency and abused its discretion by imposing an excessive sentence. Arellano also assigns that his trial counsel was ineffective in withdrawing the motion to determine competency without a hearing, and that Arellano's plea was not voluntary, knowingly, and intelligently made due to the lack of communication, lack of explanation of the law, and exertion of undue pressure by his trial counsel.

## STANDARDS OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Smith*, 302 Neb. 154, ___ N.W.2d ___ (2019).

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Golyar*, 301 Neb. 488, 919 N.W.2d 133 (2018). An appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id*.

## ANALYSIS

*Failure to Hold Hearing on Motion to Determine Competency.*

Arellano's assigned error is that the district court erred in not holding a hearing on the motion to determine competency. He points to the statutory authority of the court to determine whether or not an accused is competent to stand trial contained in Neb. Rev. Stat. § 29-1823

(Reissue 2016). See, also, *State v. Bolton*, 210 Neb. 694, 316 N.W.2d 619 (1982), *disapproved on other grounds, State v. Tamayo*, 280 Neb. 836, 791 N.W.2d 152 (2010); *State v. Johnson*, 4 Neb. App. 776, 551 N.W.2d 742 (1996) (if facts brought to attention of court raise doubt as to sanity of defendant, question of competency should be determined at hearing). Arellano argues that because the district court was made aware of Arellano's competency issue, it was required to address the issue prior to the plea. He further argues that because the court failed to make an ultimate finding on Arellano's competency, it abused its discretion in accepting his plea. We find this argument to be without merit.

The district court granted Arellano's motion to determine competency. Arellano underwent a competency examination with Dr. Hartmann. At a further hearing on the motion, Arellano's counsel withdrew the motion, stating that Arellano had been found competent by Hartmann and indicating that Arellano had no objection to the court finding him to be competent to proceed to trial. The court's written order found the motion for competency was withdrawn with the understanding and agreement that Arellano was competent. Thus, the court, in effect, determined that Arellano's competency to proceed to trial was no longer an issue. Arellano cannot now complain that the court allowed the motion to be withdrawn upon a finding of competency when that is the relief that he requested. A party cannot complain of error which he or she has invited the court to commit. *State v. Dixon*, 286 Neb. 157, 835 N.W.2d 643 (2013).

*Excessive Sentence.*

Arellano was convicted of a Class IIA felony, which is punishable by up to 20 years' imprisonment. Neb. Rev. Stat. § 28-105 (Reissue 2016). His sentence of 18 to 20 years' imprisonment is within the statutory limits. Nevertheless, Arellano asserts that the district court abused its discretion by imposing a "harsh and lengthy" sentence when the presentence investigation (PSI) reveals several factors which mitigate in favor of a lower sentence to include probation. Brief for appellant at 20.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Smith*, 302 Neb. 154, ___ N.W.2d ___ (2019). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the offense. *Id*. The sentencing court is not limited to any mathematically applied set of factors. *State v. Phillips*, 297 Neb. 469, 900 N.W.2d 522 (2017). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Smith, supra*.

The PSI reveals that Arellano was 36 years old at the time of sentencing. He was separated from his wife, with whom he has a 7-year-old daughter. Arellano has mild to moderate developmental disabilities and according to his mother, who is also his guardian, his IQ is less than 60. He received a certificate of completion from Benson High School where he was enrolled in

special education classes. He has worked in the past for a recycling company. Arellano's criminal history includes a charge of shoplifting in 1999 which was transferred to juvenile court. In criminal court he has been convicted of disorderly conduct (twice), theft by unlawful taking (less than $100), unlawful occupancy, criminal mischief (less than $200), first degree sexual assault, attempt of a Class III felony, procure/sell alcohol to a minor, false information, theft by shoplifting ($0-$200), assault and battery, and child abuse. The victim of the child abuse conviction was his then 3-year-old daughter, and Arellano was sentenced to 4-5 years' imprisonment for that charge in 2013. He had a pending Sex Offender Registration Act violation charge at the time the PSI was prepared.

The PSI also contains the results of various testing apparatus. Arellano scored in the overall very high risk to reoffend range on the Level of Service/Case Management Inventory (LS/CMI). He scored in the high risk range to reoffend on the Vermont Assessment for Sexual Offense Risk (VASOR) test. Arellano was diagnosed with behavioral and moderate developmental disorders, and shows signs of antisocial personality disorder. He was treating for depression with medication while in jail pending these charges. Arellano continues to maintain that the encounter was consensual and that he was set up by the victim. The numerous letters of support from family also suggest that Arellano is the victim in the situation.

At the sentencing hearing, the district court indicated that it had spent "quite a bit of time on the presentence investigation." The court noted Arellano's age and his personal circumstances. The court considered Arellano's criminal history and prior protection orders issued against him. The court noted Arellano's antisocial personality disorder and the prior request for a competency determination. The court read through "every letter" that was written on Arellano's behalf, but noted that many of them indicate disbelief that a sexual assault occurred. The court reviewed the testing results which showed that Arellano was found to be a high or very high risk to reoffend. After balancing the various statutory factors and considering what is "best for society, for the victim, for [Arellano] in this matter," the court found that incarceration was necessary.

Based upon our review of the record, we cannot say that the district court abused its discretion in imposing sentence.

*Ineffective Assistance of Counsel.*

Arellano is represented in this direct appeal by different counsel than the counsel who represented him at the trial level. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record, otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Smith*, 302 Neb. 154, ___ N.W.2d ___ (2019).

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Avina-Murillo*, 301 Neb. 185, 917 N.W.2d 865 (2018). Within the plea context, in order to satisfy the prejudice requirement to establish an ineffective assistance of counsel claim, the defendant must show that there is a reasonable probability that, but for counsel's

errors, he or she would not have pleaded guilty and would have insisted on going to trial. *State v. Dunkin*, 283 Neb. 30, 807 N.W.2d 744 (2012).

A claim of ineffective assistance of counsel need not be dismissed merely because it is made on direct appeal. *State v. Sundquist*, 301 Neb. 1006, 921 N.W.2d 131 (2019). The determining factor is whether the record is sufficient to adequately review the question. *Id*. When an ineffective assistance of counsel claim is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id*. General allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal and thereby preserve the issue for later review. *Id*.

Appellate courts have generally reached ineffective assistance of counsel claims on direct appeal only in those instances where it was clear from the record that such claims were without merit or in the rare case where trial counsel's error was so egregious and resulted in such a high level of prejudice that no tactic or strategy could overcome the effect of the error, which effect was a fundamentally unfair trial. *Id*. An ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice. *Id*.

Arellano first argues that his trial attorney was ineffective based upon her withdrawal of the motion to determine competency without a hearing. The bill of exceptions and the order from the hearing resulting in the withdrawal of the motion do not show that Arellano was present at the hearing. The evaluation of Dr. Hartmann is not contained in the record. Thus, we conclude that our record on appeal is insufficient to determine whether counsel was ineffective in withdrawing the motion to determine competency.

Arellano also argues that his trial counsel was ineffective because, based on her failure to adequately communicate with him and to explain the law to him, as well as her pressuring him to accept the plea agreement, his plea was invalid. At the plea hearing, while the court thoroughly questioned Arellano about his understanding of the charges and the rights he would be giving up by pleading no contest, the court did not inquire about Arellano's satisfaction with the communication and advice given to him by his attorney, or whether Arellano was pressured into accepting the plea agreement. We conclude that the record is insufficient to review this claim on direct appeal.

CONCLUSION

Arellano's claims that the district court erred in failing to hold a hearing on his motion to determine competency and abused its discretion in imposing sentence are without merit. The record on direct appeal is insufficient to address Arellano's arguments that his trial counsel was ineffective, but they are preserved for postconviction review.

AFFIRMED.