IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. FLORES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

NICHOLAS D. FLORES, APPELLANT.

Filed February 18, 2020.    No. A-19-625.

Appeal from the District Court for Lancaster County: ROBERT R. OTTE, Judge. Affirmed.

Joe Nigro, Lancaster County Public Defender, and Amy J. Peters for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

MOORE, Chief Judge, and BISHOP and ARTERBURN, Judges.

BISHOP, Judge.

Nicholas D. Flores pled guilty to Count 1, refusing a chemical test (3 prior convictions); and Count 2, driving during revocation, first offense. The Lancaster County District Court sentenced him to consecutive sentences of 3 to 7 years' imprisonment on Count 1, and 1 to 2 years' imprisonment on Count 2. Additionally, Flores' license was revoked for a period of 15 years with credit for any "ALR suspension"; however, he could obtain an ignition interlock permit after 45 days. Upon release from incarceration, Flores was to be subject to no less than 60 days of continuous alcohol monitoring. Flores claims that the district court imposed excessive sentences and that he was denied his right to effective assistance of counsel. We affirm.

BACKGROUND

On November 8, 2018, the State filed an information charging Flores with a total of four counts: Count 1, "DUI-alcohol-4th offense," a Class IIIA felony, pursuant to Neb. Rev. Stat. §§ 60-6,196 (Reissue 2010) and 60-6,197.03(7) (Cum. Supp. 2018); Count 2, refusing a chemical

- 1 -

test (3 prior convictions), a Class IIA felony, pursuant to Neb. Rev. Stat. §§ 60-6,197 (Cum. Supp. 2018) and 60-6,197.03(8); Count 3, "Drive During Revocation-subsq offense," a Class IIA felony, pursuant to Neb. Rev. Stat. § 60-6,197.06 (Cum. Supp. 2018); and Count 4, "Interlock Violation-Tampering, Circumventing or Not Equipped," a Class I misdemeanor, pursuant to Neb. Rev. Stat. § 60-6,211.11(1)(b) (Cum. Supp. 2018).

Pursuant to a plea agreement, the State filed an amended information on March 25, 2019, charging Flores with two counts: Count 1, refusing a chemical test (3 prior convictions), a Class IIA felony, pursuant to §§ 60-6,197 and 60-6,197.03(8); and Count 2, driving during revocation, first offense, a Class IV felony, pursuant to § 60-6,197.06. At a hearing that same day, Flores pled guilty to both counts in the amended information. The State provided the following factual basis:

On May 19th, 2018, . . . Officer Wagner was behind a vehicle going eastbound on Cornhusker between 33rd and 42nd when he observed the vehicle weave within its lane. He did run the license information and found one of the registered owners . . . was suspended and the other had some sort of cancellation associated with her license.

The vehicle did park and the officer eventually made contact with the driver . . . Flores, as well as [one of the registered owners]. He noted Mr. Flores had bloodshot, watery eyes, a moderate odor of alcohol coming from his person.

Mr. Flores stated he knew he had [sic] warrant for his arrest and planned on turning himself in. He also admitted he was driving on [sic] 15-year license revocation. He stated he was driving [the registered owner] home because she was intoxicated. He admitted to having one drink with her . . . prior to driving home. The vehicle did not have an ignition interlock installed and [the registered owner] confirmed there would not be one in the vehicle.

The officer asked Mr. Flores to perform standardized field sobriety tests and he refused. . . . Once [Flores] was arrested and taken down to jail to complete a formal test on DataMaster, he was read the Post Arrest Chemical Test Advisement form and verbally stated he would be refusing the test.

After the appropriate waiting period, the DataMaster was started and Mr. Flores was asked to provide a sample of his breath. He visibly turned his back away from the DataMaster and verbally stated he would not be submitting to the test. He was reminded several times of the Post Arrest Chemical Test Advisement form. The DataMaster timed out with an insufficient sample and Mr. Flores never attempted to provide a breath sample as required.

He was revoked for third offense DUI aggravated. He was revoked on August 25th of 2011 and not eligible for reinstatement until August 25th, 2026. He did not have a valid ignition interlock permit on that date.

All these events occurred in Lancaster County, Nebraska.

The State also offered certified copies of Flores' three prior convictions (DUI in 2005; DUI and fleeing in a motor vehicle to avoid arrest in 2005; and DUI, third offense, "More Than .15" in 2008), which were received into evidence without objection. See Neb. Rev. Stat. § 60-6,197.02 (Cum. Supp. 2018) (for a violation of § 60-6,197 (refusal to submit to chemical test), prior conviction includes any conviction for violating § 60-6,196 (DUI), or any conviction for violation

of a city ordinance enacted in conformance with § 60-6,196, committed within the 15-year period prior to the current offense for which the sentence is being imposed). The district court accepted Flores' guilty pleas to each count and found him guilty of the same. The case was set for sentencing.

After a hearing on May 30, 2019, the district court sentenced Flores to consecutive sentences of 3 to 7 years' imprisonment on Count 1 and 1 to 2 years' imprisonment on Count 2. Additionally, Flores' license was revoked for a period of 15 years with credit for any "ALR suspension"; however, he could obtain an ignition interlock permit after 45 days. Upon release from incarceration, Flores was to be subject to no less than 60 days of continuous alcohol monitoring.

Flores appeals.

## ASSIGNMENTS OF ERROR

Flores assigns (1) the district court imposed an excessive sentence and (2) he was denied his right to effective assistance of counsel.

In *State v. Mrza*, 302 Neb. 931, 935, 926 N.W.2d 79, 86 (2019), the Nebraska Supreme Court stated, "We now hold that assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity." See, also, *State v. Sundquist*, 301 Neb. 1006, 921 N.W.2d 131 (2019) (alleged error must be both specifically assigned and specifically argued in brief of party asserting error to be considered by appellate court). Because Flores' appellate brief was filed 5 months post-*Mrza* and counsel's deficient performance was not alleged with specificity in the assignments of error section of his brief, Flores' ineffective assistance of counsel claim will not be addressed.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Leahy*, 301 Neb. 228, 917 N.W.2d 895 (2018).

## ANALYSIS

Flores claims his sentences are excessive. He was convicted of Count 1, refusing a chemical test (3 prior convictions), a Class IIA felony, pursuant to §§ 60-6,197 and 60-6,197.03(8). This was punishable by 1 to 20 years' imprisonment. See, Neb Rev. Stat. § 28-105 (Cum. Supp. 2018); § 60-6,197.03(8). Additionally, as part of the judgment of conviction for refusing a chemical test, when the person has had three prior convictions, there is a mandatory 15-year license revocation. See § 60-6,197.03(8). However, the court can order the convicted person, in order to operate a motor vehicle (after a minimum of a 45-day no operating period), to obtain an ignition interlock permit and install an ignition interlock device on each motor vehicle owned or operated by that person. See Neb. Rev. Stat. § 60-6,197.01 (Cum. Supp. 2018). The court may require a person convicted of a second or subsequent violation of § 60-6,197 to use a continuous alcohol monitoring device if an ignition interlock device is also required. See § 60-6,197.01(2).

Flores was also convicted of Count 2, driving during revocation, first offense, a Class IV felony, pursuant to § 60-6,197.06. In this case, the Class IV felony was punishable by up to 2

years' imprisonment, a $10,000 fine, or both; Flores was not subject to postrelease supervision because he was also sentenced to imprisonment for a Class IIA felony in Count 1. See § 28-105(1) and (6). Additionally, as part of the judgment of conviction for driving during revocation, there is a mandatory 15-year license revocation. See § 60-6,197.06. However, the court can order the convicted person, in order to operate a motor vehicle (after a minimum of a 45-day no operating period), to obtain an ignition interlock permit and install an ignition interlock device on each motor vehicle owned or operated by that person. See § 60-6,197.01.

Flores was sentenced to consecutive sentences of 3 to 7 years' imprisonment on Count 1, and 1 to 2 years' imprisonment on Count 2. Additionally, Flores' license was revoked for a period of 15 years with credit for any "ALR" suspension"; however he could obtain an ignition interlock permit after 45 days. Upon release from incarceration, Flores was to be subject to no less than 60 days of continuous alcohol monitoring. His sentences were within the statutory range.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Leahy, supra*. In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Flores was 37 years old at the time of sentencing. According to the presentence report (PSR), he was divorced with two children and had been in his current relationship for 1 year. He had a GED. At the time of the presentence interview, Flores had been working "under the table" as a carpenter since June 2018 and had previously worked as a GPS technician in Texas.

Flores has a lengthy criminal history dating back to the mid-1990's, when he was a juvenile. His adult criminal history includes convictions for making a false statement to a police officer in 1999 (fine); theft by receiving, disturbing the peace, and MIP in 2000 (fines); being an accessory to a felony in 2000 (6 months in prison); criminal mischief in 2000 (6 to 18 months in prison); being a felon in possession of a firearm in 2002 (federal court; 21 months' confinement followed by 3 years' supervised release, community service); possession of marijuana and third degree assault in 2004 (fine; 15 days in jail); first offense DUI in 2005 (1 year of probation); "DUS" in 2005 (fine and 6 months' probation; unsatisfactory release); first offense DUI and fleeing to avoid arrest in 2005 (fine, 1 year of probation, 60-day license suspension, 30 days in jail; probation revoked; 6 months' license revocation); "DUS-Not Eligible" twice in 2006 (fine and 6 months' probation); third offense DUI, more than .15, in 2008 (2 years' probation, fine, 15-year license revocation; probation revoked due to new felony; 180 days in jail); first offense driving during license revocation in 2010 (180 days in jail); possession of marijuana or synthetic and possession of drug paraphernalia in 2014 (fine); and "Injure or Destroy Property" in 2015 (90 days in jail). He has also been cited for numerous traffic offenses (fines). His current convictions were for refusing to submit to a chemical test and driving during revocation, first offense.

The probation officer conducted a level of service/case management inventory. Flores was assessed as an overall "[m]edium [h]igh" risk to reoffend. He scored "[v]ery [h]igh" in the criminogenic risk factor domain for companions. He scored "[h]igh" risk in the domains for criminal history and leisure/recreation. He scored "[m]edium" risk in the domain for alcohol/drug problem. And he scored "[l]ow" or "[v]ery [l]ow" risk in the domains for education/employment, family/marital, procriminal attitude/orientation, and antisocial pattern.

During the presentence investigation interview, Flores described his childhood as "'Tough.'" He reported that he never met his father, that his mother struggled with alcoholism the majority of her life (she passed away in 2007), and that he and his mother were physically abused by his stepfather. He has three siblings, one of whom has problems with alcohol. Flores reported having an addiction to alcohol in the past and believed he still had a problem, but was managing it better. He reported smoking marijuana socially "about once per month," and stated that in the past, he went through a cocaine "phase" and had experimented with methamphetamines, ecstasy, and acid. He used substances as a coping mechanism and as a way to relax. Flores received substance use evaluations and treatment in the past, and he was interested in receiving another substance use evaluation. The probation officer stated that Flores appeared to be taking responsibility for the present offense. And "[a]lthough he does have an extensive criminal history, in observing his prior record, it has improved tremendously in the last ten years."

At the sentencing hearing, Flores' counsel stated that Flores was "very regretful about . . . his choices." "He chose to drive because . . . the passenger was . . . intoxicated," but he understands there were other ways that could have been handled. Flores was "tired of living this kind of lifestyle" and was "looking for a way to find the straight-and-narrow path." Flores wanted to get into treatment and sought a lenient sentence, preferably probation. Flores spoke in his own behalf and stated he made a poor decision but was trying to better himself. The State made no argument.

The district court stated that it had considered the relevant sentencing factors. The court noted that Flores "had a number of convictions" and "probation any number of times." It stated, "your behavior is just dangerous and, regardless . . . of what has gone on, you have not maintained your sobriety." "You have done things that are . . . dangerous . . . to the community . . . that I can't ignore." The court found that probation was not appropriate and sentenced Flores as we have noted previously.

In his brief, Flores contends that the district court failed to adequately consider the mitigating circumstances leading up to the offense (he was driving an intoxicated person home, he was weaving within his lane but was not otherwise driving erratically or violating any traffic laws, and he willingly cooperated with law enforcement), his law-abiding life for a substantial period of time before the commission of the offense, the likelihood that he would respond affirmatively to probation, and his willingness to enter a plea. However, the State contends that the court's decision was supported by "the significant evidence" demonstrated in the facts and the PSR. Brief for appellee at 12. In particular, the State noted Flores' lengthy criminal history, which included several jail and prison sentences, as well as six probation terms, "three of which were completed successfully and two having been revoked, with Flores actively serving the sixth probation term at the time of his arrest for the instant offense." *Id*. at 11.

Having considered the relevant factors in this case, we find that Flores' sentences were not excessive or an abuse of discretion and his sentences are therefore affirmed. See *State v. Leahy*,

301 Neb. 228, 917 N.W.2d 895 (2018) (sentence imposed within statutory limits will not be disturbed on appeal absent abuse of discretion by trial court).

## CONCLUSION

For the reasons stated above, we affirm Flores' sentences.

AFFIRMED.