IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. FRAZIER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ADAM L. FRAZIER, APPELLANT.

Filed June 8, 2021.    No. A-21-072.

Appeal from the District Court for Lancaster County: JODI L. NELSON, Judge. Affirmed.

Heather S. Colton, of Pollack & Ball, L.L.C., for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

PIRTLE, Chief Judge, and MOORE and BISHOP, Judges.

MOORE, Judge.

## INTRODUCTION

Adam L. Frazier appeals his plea-based conviction in the district court for Lancaster County for first degree criminal trespass and theft by unlawful taking. In this appeal, Frazier claims that he received ineffective assistance of trial counsel due to counsel's failure to provide him with discovery prior to entering his plea and that the district court abused its discretion by imposing an excessive sentence. Finding no error, we affirm.

## BACKGROUND

On July 21, 2016, Frazier was charged by information with burglary, a Class III felony. On February 28, 2017, pursuant to a plea agreement, Frazier pled no contest to an amended information charging him with first degree criminal trespass and theft by unlawful taking, $200-$500; both Class I misdemeanors. The factual basis recited at the plea hearing shows that Frazier stole a welder, tool box, and hand tools from a storage unit.

- 1 -

At the plea hearing, Frazier was advised of the amended charges and possible sentences. The district court examined Frazier at the plea hearing regarding his understanding of the plea agreement and the rights he was giving up by entering a plea. Frazier indicated his understanding of the charges, possible sentences, and the rights he was giving up. Frazier affirmed that no one had made any threats or promises to him to give up his rights or to enter his plea and that he was freely and voluntarily waiving his rights and entering his plea. He indicated that he had an opportunity to talk with his counsel about these rights and did not need any more time to talk with her about them. Frazier also affirmed that he had told his counsel everything he knew about the case, that he was satisfied with the job she had done for him, that he believed her to be a competent lawyer, and that he had had enough time to talk to her about the case. The court found that Frazier understood his rights and that we was waiving those rights and entering his plea freely, voluntarily, knowingly and intelligently. The court accepted the waiver and plea and found Frazier guilty beyond a reasonable doubt of both charges.

A sentencing hearing was scheduled for May 11, 2017. However, Frazier did not appear, and a bench warrant was issued. Frazier was ultimately detained by law enforcement on the warrant. On January 13, 2021, the district court sentenced Frazier to 270 days' imprisonment on each charge, to be served consecutively. Frazier was given credit for 23 days' previously served.

Frazier timely appeals.

## ASSIGNMENTS OF ERROR

Frazier assigns that (1) he was denied the effective assistance of counsel when trial counsel allegedly failed to provide him with discovery and (2) the trial court abused its discretion by imposing an excessive sentence.

## STANDARD OF REVIEW

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Clauson*, 307 Neb. 968, 951 N.W.2d 764 (2020). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.* When the claim is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *State v. Sundquist*, 301 Neb. 1006, 921 N.W.2d 131 (2019).

Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Senteney*, 307 Neb. 702, 950 N.W.2d 585 (2020). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

ANALYSIS

*Ineffective Assistance of Trial Counsel.*

Frazier assigns that his trial counsel provided ineffective assistance. Frazier has different counsel on direct appeal than he did at trial. When a defendant's counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019).

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* In a plea context, whether an attorney's representation was deficient depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *State v. Blaha, supra*. When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* The two prongs of the ineffective assistance of counsel test under *Strickland* may be addressed in either order. *State v. Blaha, supra*.

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal depends upon the sufficiency of the record to address the claim to determine whether a defense counsel's performance was deficient and whether the defendant was prejudiced by the alleged deficient performance. *State v. Theisen*, 306 Neb. 591, 946 N.W.2d 677 (2020). The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id.*

Frazier argues that his trial counsel was ineffective when counsel failed to provide him with a copy of discovery in this matter, which would have provided him the information he needed in order to make an informed decision about how to proceed in his case. Frazier further argues that had he been provided discovery, his decision to enter a plea may have been different. Frazier suggests that the record is not sufficient to review this claim. The State argues that the allegation has not been sufficiently pled, citing to *State v. Haynes*, 299 Neb. 249, 908 N.W.2d 40 (2018), *disapproved on other grounds, State v. Allen*, 301 Neb. 560, 919 N.W.2d 500 (2018). That case involved the denial of postconviction relief without an evidentiary hearing. One of the claims of ineffective assistance made by Haynes was that his counsel failed to discuss with him any of the discovery turned over by the State. The Nebraska Supreme Court found that this assertion was insufficiently specific since it did not allege what the State's discovery was, and thus, Haynes failed to allege sufficient facts pertaining to whether a rational defendant would have insisted on going to trial.

Here, Frazier likewise failed to allege what discovery his trial counsel may have had that was not shared with him. As such, his allegation of deficient performance is insufficiently pled. *State v. Sundquist*, 301 Neb. 1006, 921 N.W.2d 131 (2019).

*Excessive Sentence.*

Frazier was convicted of two Class I misdemeanors and sentenced to terms of 270 days' imprisonment for each charge, to be served consecutively. Class I misdemeanors are punishable by up to 1 year's imprisonment, a $1,000 fine, or both.

Frazier acknowledges that the sentences imposed were within the allowable statutory limits, but argues that after analyzing the applicable factors, there was "simply no justification for the extensive period of incarceration ordered." Brief for appellant at 13.

Where a sentence imposed within statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Price*, 306 Neb. 38, 944 N.W.2d 279 (2020). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.* It is within the discretion of the trial court whether to impose probation or incarceration, and an appellate court will uphold the trial court's decision denying probation absent an abuse of discretion. *State v. Wills*, 285 Neb. 260, 826 N.W.2d 581 (2013).

At the time of sentencing, Frazier was 34 years old and was employed by a restoration and remodeling company. According to the presentence investigation report (PSI), his criminal history included convictions for third degree domestic assault (amended from burglary), criminal attempt of a Class IV felony (amended from possess controlled substance), driving during suspension, and several convictions for failure to appear. Frazier acknowledges his criminal history, but he argues that most of the history consisted of misdemeanors and that he was compliant with the rules of his incarceration. Frazier requested that he be placed on probation and expressed a willingness to pay restitution. Frazier argues that the trial court placed too much emphasis on the fact that he failed to appear for sentencing for approximately 4 years, and he asserts that he continued to be employed and maintained law abiding behavior during that time.

While the district court did emphasize Frazier's failure to appear for approximately 4 years, the court also indicated that it considered the PSI, the nature of the offense, and the benefit Frazier received from the plea agreement. Frazier's failure to appear in this case, as well as indicated in his criminal history, clearly support the court's finding that the risk was substantial that during any period of probation, Frazier would not follow the orders of the court. The record of the sentencing hearing does not show that the district court considered any inappropriate factors in sentencing Frazier. It cannot be said that the district court abused its discretion in the sentences imposed. This argument fails.

## CONCLUSION

Frazier failed to sufficiently allege deficient performance by his trial counsel and thus we do not consider his claim of ineffective assistance of counsel. The district court did not abuse its discretion in the sentences imposed.

AFFIRMED.