IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. WYNNE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MITCHELL Q. WYNNE, APPELLANT.

Filed January 25, 2022.    No. A-21-199.

Appeal from the District Court for Douglas County: LEIGH ANN RETELSDORF, Judge. Affirmed.

Mitchell Q. Wynne, pro se.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

MOORE, ARTERBURN, and WELCH, Judges.

MOORE, Judge.

INTRODUCTION

Mitchell Q. Wynne appeals from the order of the district court for Douglas County, which denied his motion for postconviction relief without an evidentiary hearing. For the reasons set forth herein, we affirm.

STATEMENT OF FACTS

Following a jury trial in 2015, Wynne was convicted of first degree murder and use of deadly weapon (firearm) to commit a felony. Wynne was 17 years old at the time the offense was committed. The district court sentenced him to 40 to 100 years' imprisonment for first degree murder and to a consecutive term of 10 to 20 years' imprisonment for the use of a weapon conviction. On direct appeal, Wynne claimed that the court erred in admitting certain text messages into evidence and in denying his motion for mistrial based on prosecutorial misconduct during the

- 1 -

State's closing argument. He also claimed that the evidence was insufficient to sustain his conviction for first degree murder. This court found no error or abuse of discretion by the trial court, found that the evidence was sufficient to sustain the first degree murder conviction, and affirmed Wynne's convictions and sentences. See *State v. Wynne*, 24 Neb. App. 377, 887 N.W.2d 515 (2016). We note that Wynne was represented at trial and on direct appeal by the same attorney.

On January 16, 2018, Wynne filed a pro se motion for postconviction relief, setting forth numerous claims of ineffective assistance of trial counsel. He later retained counsel, and on April 21, 2020, through his attorney, filed an amended motion for postconviction relief. The district court entered an order, requesting the State to file a response to Wynne's amended motion. The State subsequently filed its response, asking the court to dismiss Wynne's motion without an evidentiary hearing.

On February 18, 2021, the district court entered an order, denying Wynne's motion for postconviction relief without an evidentiary hearing. The court addressed each of Wynne's claims, and it determined that they were either refuted by the record or did not otherwise warrant an evidentiary hearing. After perfecting the present appeal from the court's February 2021 order, Wynne's postconviction counsel withdrew, and his appellant brief and reply brief were filed pro se.

## ASSIGNMENTS OF ERROR

Wynne asserts, restated, that the district court erred in overruling his motion for postconviction relief because his trial counsel was ineffective in (1) "allowing prejudicial cellphone text message evidence exhibit #178-179" to be admitted, (2) failing to challenge the admissibility of prejudicial testimony about DNA testing results with no statistical significance, (3) advising him not to testify at trial, (4) failing to challenge the admissibility of a surveillance video, (5) failing to call "favorable witnesses to the defense," and (6) "failing to challenge the admissibility of prejudicial finger print evidence Exhibit #170 as an error on direct appeal and at trial adequately." Brief for appellant at 6-7.

## STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Britt*, 310 Neb. 69, 963 N.W.2d 533 (2021).

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. *State v. Stelly*, 308 Neb. 636, 955 N.W.2d 729 (2021). When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Id.*

## ANALYSIS

Postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or her constitutional rights such that the judgment was void or voidable. *State v. Britt, supra*. Thus, in a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or

violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *State v. Britt, supra.*

A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution. *State v. Newman*, 310 Neb. 463, 966 N.W.2d 860 (2021). In a postconviction proceeding, an evidentiary hearing is not required when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights, rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief. *State v. Stelly, supra*.

Wynne assigns that the court erred by overruling his motion for postconviction relief, arguing that he received ineffective assistance of trial counsel in various regards. This is Wynne's first opportunity to assert ineffective assistance of counsel, because the same counsel represented Wynne at trial and on direct appeal.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Newman, supra*. To show that counsel's performance was deficient under *Strickland v. Washington, supra*, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. *State v. Newman, supra*. To show prejudice under the prejudice component of the *Strickland v. Washington, supra*, test, the defendant must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different. *State v. Newman, supra*. A reasonable probability does not require that it be more likely than not that the deficient performance altered the outcome of the case; rather, the defendant must show a probability sufficient to undermine confidence in the outcome. *Id.* A court may examine the two prongs of the ineffective assistance of counsel test, deficient performance and prejudice, in any order and need not examine both prongs if a defendant fails to demonstrate either. *Id.*

*Cell Phone Text Message Evidence.*

On appeal, Wynne asserts that his trial counsel was ineffective for failing to exclude from evidence exhibit 178 (a table containing incoming, outgoing, and missed calls exchanged by the victim's cell phone and Wynne's cell phone and by the victim's cell phone and a third telephone between certain dates) and exhibit 179 (a table containing incoming and outgoing text messages, including the actual content of the text messages, exchanged by the victim's cell phone and Wynne's cell phone between certain times on the date of the crime in which Wynne agreed to purchase marijuana from the victim). He argues that his counsel was ineffective by allowing these two exhibits to be used against him "by conceding with the prosecution . . . that [his] hearsay claim is contingent upon defense counsel's authentication claim." Brief for appellant at 12. He also argues that these exhibits were inadmissible hearsay and that their admission violated his rights under the Confrontation Clause of the Sixth Amendment to the U.S. Constitution and article I, § 11, of the Nebraska Constitution.

This assignment of error on appeal most closely corresponds to the fifth claim raised in Wynne's motion. In that claim he argued that his trial counsel should have filed a motion in limine to address the admissibility of "the cellular phone calls and text messages." He also argued that the fact that "this evidence" was not addressed until trial allowed the district court to admit into evidence "the content of the text messages from the cell phone alleged to be . . . Wynne's to the victim." In his motion, he cited to the ruling admitting exhibit 179 at trial. Wynne did not reference exhibit 178 in the fifth claim set forth in his amended postconviction motion.

The admission of exhibit 179 (both the foundation for its admissibility and whether the text messages in question were inadmissible hearsay) was raised by Wynne's counsel and considered by this court on direct appeal. We concluded that there was sufficient evidence of authentication and that the district court did not abuse its discretion in overruling Wynne's foundational objection to the exhibit. The fact that Wynne's counsel did not persuade the trial court or this court regarding the admissibility of the exhibit does not equate with deficient performance. And he has not shown how the outcome would have been different had his trial counsel first challenged the admissibility of exhibit 179 through a pretrial motion in limine.

More importantly, the error assigned and argued in Wynne's brief on appeal differs from the claim he raised in his amended postconviction motion. In addition to arguing in his fifth claim for relief that his trial counsel should have filed a motion in limine to challenge the admissibility of exhibit 179 before trial, Wynne also argued that his trial counsel was ineffective for (1) failing to present at trial evidence about cellphone towers and the location at the time of the murder of the user of the phone linked to Wynne that was presented at a preliminary hearing and which "could have been very relevant" to Wynne's trial defense, (2) failing to obtain an expert witness to testify as to the unreliability of cellphone evidence, and (3) failing to conduct his own independent cellphone data retrieval. Beyond what we have discussed above, the arguments Wynne raises on appeal about his counsel's concessions at trial with respect to text message authentication issues and any Confrontation Clause issues were not raised in his amended motion for postconviction relief. Appellate courts do not generally consider arguments and theories raised for the first time on appeal. *State v. Munoz*, 309 Neb. 285, 959 N.W.2d 806 (2021), *cert. denied* ___ U.S. ___, 142 S. Ct. 370, 211 L. Ed. 2d 197. In an appeal from the denial of postconviction relief, an appellate court will not consider for the first time on appeal claims that were not raised in the verified motion. *Id.* Accordingly, we do not address this assignment of error further.

*DNA Testing Evidence.*

Wynne asserts that his trial counsel was ineffective for failing to challenge, through a motion in limine, the admissibility of prejudicial testimony about DNA testing results with no statistical significance. He relies on *State v. Johnson*, 290 Neb. 862, 862 N.W.2d 757 (2015), wherein the Nebraska Supreme Court held that DNA testing results generally must be accompanied by statistical evidence or a probability assessment that explains whether the results tend to include or exclude the individual as a potential source. We note that the crime laboratory technician who testified at trial about the State's DNA evidence provided the statistics necessary to allow the jury to assess the probative value of that evidence. See *State v. Wynne*, 24 Neb. App. 377, 887 N.W.2d 515 (2016).

The error assigned and argued in Wynne's brief on appeal differs from the claim raised in his amended postconviction motion about his counsel's ineffectiveness with respect to the DNA evidence. In his postconviction motion, Wynne claimed that his trial counsel was ineffective for failing to object to the DNA finger swab testing evidence without having a hearing to exclude the evidence pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) (*Daubert*). He also argued in his motion, that if unsuccessful in excluding the DNA evidence through a *Daubert* hearing, his attorney should have retained his own expert to attack the credibility of the State's DNA evidence. The district court found that the allegations in Wynne's motion with respect to this claim did not warrant an evidentiary hearing.

*Daubert* motions and motions in limine serve different purposes. Under the framework of *Daubert* and *Schafersman v. Agland Coop*, 262 Neb. 215, 631 N.W.2d 862 (2001), the trial court acts as a gatekeeper to ensure the evidentiary relevance and reliability of an expert's opinion. *State v. Simmer*, 304 Neb. 369, 935 N.W.2d 167 (2019). The purpose of the gatekeeping function is to ensure that the courtroom door remains closed to "junk science" that might unduly influence the jury, while admitting reliable expert testimony that will assist the trier of fact. *Id.* On the other hand, a motion in limine is a procedural step to prevent prejudicial evidence from reaching the jury. *State v. Ferrin*, 305 Neb. 762, 942 N.W.2d 404 (2020). It is not the office of a motion in limine to obtain a final ruling upon the ultimate admissibility of the evidence. *Id.* Therefore, when a court overrules a motion in limine to exclude evidence, the movant must object when the particular evidence is offered at trial in order to predicate error before an appellate court. *Id.*

Wynne's claim on appeal that his trial counsel was ineffective for failing to file a motion in limine to challenge the admissibility of testimony about the DNA testing results does not appear in his amended motion for postconviction relief. See *State v. Munoz*, 309 Neb. 285, 959 N.W.2d 806 (2021), *cert. denied* ___ U.S. ___, 142 S. Ct. 370, 211 L. Ed. 2d 197 (in appeal from denial of postconviction relief, appellate court will not consider for first time on appeal claims that were not raised in verified motion). Accordingly, we do not address this assignment of error further.

*Wynne's Decision Not to Testify.*

A defendant has a fundamental constitutional right to testify. *State v. Ely*, 306 Neb. 461, 945 N.W.2d 492 (2020). The right to testify is personal to the defendant and cannot be waived by defense counsel's acting alone. *State v. Golyar*, 301 Neb. 488, 919 N.W.2d 133 (2018). Defense counsel bears the primary responsibility for advising a defendant of his or her right to testify or not to testify, of the strategic implications of each choice, and that the choice is ultimately for the defendant to make. *State v. Ely, supra.*

Defense counsel's advice to waive the right to testify can present a valid claim of ineffective assistance of counsel in two instances: (1) if the defendant shows that counsel interfered with his or her freedom to decide to testify or (2) if counsel's tactical advice to waive the right was unreasonable. *State v. Stricklin*, 300 Neb. 794, 916 N.W.2d 413 (2018).

Wynne does not claim that his trial counsel interfered with his freedom to decide whether to testify, arguing instead that his counsel's advice not to testify was unreasonable. In his amended postconviction motion, Wynne alleged that he wanted to testify on his behalf, that he advised his trial counsel of his desire to do so, and that his decision not to testify was based solely on advice received from counsel. He argued that if called to testify, he would have testified that he had prior

drug dealings with the victim and that this information explains the telephone records connecting him to the victim, his palmprint found in the victim's vehicle, and the DNA evidence from finger swabs of the victim from which Wynne could not be excluded as a contributor. Wynne did not explain in his motion how this testimony would have changed the outcome of the trial or why his trial counsel's advice not to testify was unreasonable. Various witnesses testified at trial that they were unaware of any prior acquaintance between Wynne and the victim, and Wynne does not explain how interjecting evidence about such a connection, especially a drug-related connection, would have changed the outcome of the trial. His allegations are insufficient to show a reasonable probability that the outcome would have been different but for the failure to call him as a witness. The district court did not err in denying an evidentiary hearing on this claim.

*Surveillance Video Evidence.*

One of the exhibits received during Wynne's trial was a surveillance video from an automotive repair business located across the street from where the crime occurred, which captured footage from the timeframe surrounding the homicide. Wynne's attorney did not object to the offer of the video at trial. As we described in our opinion following Wynne's direct appeal, the video showed the occurrence of the murder, including a view of the hair and clothing of the shooter; however, facial features were not discernable on the video. See *State v. Wynne*, 24 Neb. App. 377, 887 N.W.2d 515 (2016).

In his amended postconviction motion, Wynne claimed that his trial counsel was ineffective both for refusing to file a motion in limine seeking to exclude the video and for failing to object to its admission at trial. In support of this claim, Wynne argued that the quality of the video was too poor to allow a viewer to identify any meaningful characteristics of the individuals depicted in it. Referencing Neb. Rev. Stat. § 27-403 (Reissue 2016), he argued that the minimal probative value of the video was substantially outweighed by its prejudice to him. He alleged that he discussed the video with his trial counsel, that he asked his counsel to file a motion to exclude the video from evidence, and that his counsel refused to do so.

Other than his reference to § 27-403, Wynne has not shown how his trial counsel would have been successful in excluding the video from evidence. Although the surveillance video was prejudicial to Wynne, it was also relevant; the quality of the video goes to its weight rather than its admissibility. Most, if not all, evidence offered by a party is calculated to be prejudicial to the opposing party. *State v. Thomas*, 303 Neb. 964, 932 N.W.2d 713 (2019). Only evidence tending to suggest a decision on an improper basis is unfairly prejudicial. See *id.* Defense counsel is not ineffective for failing to raise an argument that has no merit. *State v. Martinez*, 302 Neb. 526, 924 N.W.2d 295 (2019). The district court did not err in denying relief on this claim without an evidentiary hearing.

*Failure to Call Witnesses.*

Wynne asserts that his trial counsel was ineffective in failing to call "favorable witnesses to the defense." Brief for appellant at 7. This assignment of error relates to the seventh and eighth claims raised in Wynne's amended postconviction motion wherein he asserted his counsel was ineffective for failing to investigate or call at trial certain witnesses, including witnesses Wynne alleged could have provided him with an alibi defense. The district court rejected both of these

claims, finding that Wynne's assertions were generic, did not state what exculpatory evidence could have been gathered, or what specific testimony these witnesses could have provided. The court concluded that Wynne's conclusory allegations were insufficient to warrant an evidentiary hearing. We direct our analysis to the portions of Wynne's seventh and eighth postconviction claims for relief that he argues in his brief on appeal.

In his seventh claim for relief, Wynne alleged that his trial counsel was ineffective for failing to call his girlfriend's father as a witness. Wynne argued that the father, who saw Wynne on the day in question at a point after the crime, could have testified that Wynne was "wearing church clothes," as opposed to the clothing worn by one of the men who approached the victim's vehicle in the moments leading up to crime. He also alleged in his motion that his counsel was ineffective for failing to question the girlfriend, who he claimed could have also testified that he was wearing "church clothes" that day at a point after the murder occurred. The proposed testimony of these witnesses does not account for Wynne's presence at the time of the murder, and the fact that he was wearing different clothing at a later point in the day is inconsequential. We also note that both the girlfriend and Wynne's mother suggested in their testimony that Wynne was at the girlfriend's house at the time of the murder. The jury rejected this evidence in favor of other evidence implicating Wynne in the crime. Wynne cannot show that his counsel's performance was deficient or that he was prejudiced by his counsel's failure to call the father as a witness or to elicit testimony from his girlfriend about the clothing she observed him wearing. The district court did not err in denying Wynne's seventh claim for relief without an evidentiary hearing.

In his eighth claim for relief, Wynne alleged that his trial counsel was ineffective for failing to call "Fat Man," as a defense alibi witness. He noted in his amended postconviction motion that his girlfriend testified at trial that when she returned from work on the day in question, Wynne and her "cousin Fat Man" were there. Wynne argued that his trial counsel should have asked the girlfriend if she knew what time Wynne arrived at her home that day (counsel did not cross-examine the girlfriend). He argued further that counsel's failure to depose or call "Fat Man" as a witness was objectively unreasonable because "his testimony could have provided . . . Wynne with an alibi which would have been exculpatory evidence." Wynne did not allege in his motion, however, what the testimony of "Fat Man" would have been. In a motion for postconviction relief, a defendant is required to specifically allege what the testimony of potential witnesses would have been if they had been called at trial in order to avoid dismissal without an evidentiary hearing. *State v. Munoz*, 309 Neb. 285, 959 N.W.2d 806 (2021), *cert. denied* ___ U.S. ___, 142 S. Ct. 370, 211 L. Ed. 2d 197. Absent specific allegations, a motion for postconviction relief effectively becomes a discovery motion to determine whether evidence favorable to a defendant's position actually exists. *Id.* The district court did not err in denying the eighth claim for relief set forth in Wynne's amended postconviction motion without an evidentiary hearing.

*Fingerprint Evidence.*

Wynne asserts on appeal that his trial counsel was ineffective in "failing to challenge the admissibility of prejudicial finger print evidence Exhibit #170 as an error on direct appeal and at trial adequately." Brief for appellant at 7. Wynne raised claims of ineffective assistance of trial

counsel relating to fingerprint evidence in the second and twelfth claims of his amended motion for postconviction relief.

In the second claim of his amended postconviction motion, Wynne alleged that his trial counsel was ineffective for failing to file a *Daubert* motion and failing to call his own fingerprint expert. In denying Wynne's motion for postconviction relief, the district court wrote a detailed analysis of both of these assertions and concluded that Wynne's allegations did not warrant an evidentiary hearing on the second claim set forth in his motion. To the extent Wynne's assignment of error is directed to the court's denial of an evidentiary hearing on the second claim raised in his postconviction motion, he has not specifically argued it as required for this court to consider it. In the argument portion of his brief, Wynne repeats the district court's analysis, essentially word for word, only changing the conclusion to state that the allegations with respect to the second claim in his postconviction motion "now warrant an evidentiary hearing." Brief for appellant at 30. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Britt*, 310 Neb. 69, 963 N.W.2d 533 (2021). See, also, *State v. Sundquist*, 301 Neb. 1006, 921 N.W.2d 131 (2019) (argument that does little more than restate assignment of error does not support assignment, and appellate court will not address it).

In the twelfth claim of his amended postconviction motion, Wynne alleged that his appellate counsel was ineffective for failing to assign as error on direct appeal that the fingerprint evidence should have been excluded at trial pursuant to a pretrial motion in limine filed by counsel based on the late disclosure of fingerprint evidence from the State. In denying Wynne's amended postconviction motion, the district court did not directly discuss Wynne's twelfth claim, but it concluded at the end of its order that Wynne's postconviction motion should be denied without an evidentiary hearing. On appeal, Wynne does direct specific arguments to his claim that counsel should have appealed the trial court's denial of his pretrial motion in limine to exclude the State's fingerprint evidence; however, Wynne has not shown that his counsel performed deficiently or that he was prejudiced.

Wynne's trial counsel filed a motion in limine based on the late disclosure of fingerprint evidence by the State, requesting that the fingerprint evidence be excluded at trial due to the late disclosure (which included the fact that the Omaha Police Department crime laboratory had been involved in the misidentification of a fingerprint in 2012 and that the employee who verified the identification of Wynne's print in the present case was one of the individuals involved in the 2012 misidentification). The issues raised in the motion in limine were addressed at a hearing before the district court in January 2015, and the court concluded that the proper remedy for the State's late disclosure was a continuance of the trial, rather than exclusion of the fingerprint evidence. The district court's conclusion that a continuance was a proper remedy for the State's late disclosure of the fingerprint evidence in this case is consistent with Nebraska law. See *State v. Case*, 304 Neb. 829, 937 N.W.2d 216 (2020) (stating preference for continuance rather than exclusion of evidence at trial in situations where party has failed to disclose evidence).

Here, Wynne's attorney would not have been successful had he raised the issue on direct appeal. The district court did grant a continuance based on the State's late disclosure of the fingerprint evidence. Further, Wynne's attorney could not have raised the issue of the court's ruling on the motion in limine on direct appeal because he did not renew his motion in limine at

trial. Because overruling a motion in limine is not a final ruling on admissibility of evidence and, therefore, does not present a question for appellate review, a question concerning admissibility of evidence which is the subject of a motion in limine is raised and preserved for appellate review by an appropriate objection to the evidence during trial. *State v. Martinez*, 306 Neb. 516, 946 N.W.2d 445 (2020). Although Wynne's counsel did not renew his motion in limine at trial, he did conduct a vigorous cross-examination of the crime lab witness called by the State to admit the fingerprint evidence. And, as noted in our opinion on direct appeal, considerable time was spent at trial exploring the collection and analysis of fingerprint evidence, the qualifications of those who collected and analyzed the evidence in this case, and the mishandling of fingerprint evidence (not associated with this case) in 2012. See *State v. Wynne*, 24 Neb. App. 377, 887 N.W.2d 515 (2016). Wynne has now shown that his trial counsel performance was deficient with respect to the fingerprint evidence or that he was prejudiced by it. The district court did not err in denying without an evidentiary hearing Wynne's claim concerning the late disclosure of fingerprint evidence.

CONCLUSION

Wynne's claims of ineffective assistance of trial counsel did not warrant an evidentiary hearing. We affirm the order of the district court.

AFFIRMED.