# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20079

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2016

Lyle W. Cayce
Clerk

In the Matter of:  CHRISTOPHER J. MCCLOSKEY,

> Debtor.

CHRISTOPHER J. MCCLOSKEY,

> Appellant,

versus

ANNE MIRIAM MCCLOSKEY; MICHAEL A. CRAIG,

> Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-742

Before STEWART, Chief Judge, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

A divorce proceeding began in 1998, and the parties continue a fight over attorneys' fees awarded in 2001.  Appellant claims that he should have been

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20079

able to discharge the award after he filed for bankruptcy in 2005. Appellees respond that the debt is a non-dischargeable support obligation under 11 U.S.C. § 523(a)(5). The bankruptcy court granted appellees' motion for summary judgment and denied appellant's motion for summary judgment and his motion for contempt, sanctions, and damages. The district court affirmed. Finding no error, we also affirm.

I.

Appellant Christopher McCloskey is the ex-husband of appellee Anne McCloskey. The second appellee, Michael Craig, is Anne's lawyer. In 1998, Anne filed for divorce. In January 2001, a Texas state trial court awarded Anne $50,398 in attorneys' fees plus interest for conservatorship, support, and property-division proceedings arising from the divorce. Christopher appealed. In June 2003, a state appellate court remanded because Texas law does not allow parties to be reimbursed for fees relating to property division.

Things got complicated after Christopher filed for bankruptcy in January 2005 and appellees took steps to prevent him from discharging his debt. In January 2006, a federal bankruptcy court granted appellees' motion for relief from the automatic stay so that the trial court could reconsider the fee award. In April 2006, the trial court issued a reformed final judgment, again awarding Anne $50,398 in fees plus interest, but this time only for conservatorship and child support. Christopher appealed and moved for limited relief from the automatic stay so that the state appellate court could consider his appeal. In April 2009, the state appellate court upheld the award of attorneys' fees but struck the reference to "child support"; the final judgment deemed the attorneys' fees as necessary solely for the "conservatorship of the children."

In the meantime, appellees sought to garnish Christopher's Fidelity IRA

2

No. 16-20079

investment account. In December 2007, a state trial court authorized the garnishment. Christopher appealed, and in March 2010, a state appellate court affirmed.

In July 2007, the bankruptcy court granted appellees' motion for summary judgment, denying the dischargeability of the attorneys' fees. Christopher appealed to the federal district court, which affirmed. He then appealed to this court, which, in September 2009, vacated the district court's judgment affirming the summary judgment. We remanded for the bankruptcy court to reconsider in light of the April 2009 state appellate court decision finding that appellees' attorneys' fees are not "child support" under Texas law.

Both sides moved for summary judgment. The bankruptcy court issued a detailed opinion in March 2015 granting appellees' motion for summary judgment, finding that, although the attorneys' fees were not incurred for child-support enforcement, they nevertheless qualify as a non-dischargeable support obligation under 11 U.S.C. § 523(a)(5). Christopher appealed that decision, and the district court affirmed, whereupon Christopher appealed to this court.

II.

Christopher urges that the bankruptcy court's decision is mistaken because (1) appellees lack standing, (2) the attorneys' fees are not a "support" obligation, (3) appellees' state-court actions violated the automatic stay, and (4) appellees are judicially estopped from asserting that the attorneys' fees are related to child support. We address each argument in turn.

A.

Regarding Christopher's contention that appellees do not have standing to challenge the dischargeability of the debt, creditors can establish standing

No. 16-20079

in a bankruptcy case through an informal proof of claim. *See Nikoloutsos v. Nikoloutsos (In re Nikoloutsos)*, 199 F.3d 233, 236 (5th Cir. 1999). They must show that (1) the claim is in writing; (2) the writing contains a demand on the debtor's estate; (3) the writing evidences an intent to hold the debtor liable; (4) the writing is filed with the bankruptcy court; and (5) allowance of the claim is equitable under the circumstances. *Id.*

Appellees met each of these requirements. They objected to Christopher's proposed bankruptcy plan shortly after it was filed in June 2005. In August 2005, they filed their Creditor's Response to Debtor's Proof of Claim, explaining that "the previously filed proof of claim is urged by Michael A. Craig and Craig & Heallen, LLP on behalf of Anne Miriam McCloskey." In December 2005, appellees filed a Motion for Relief from Stay. And, in January 2006, they brought an adversarial case against Christopher in bankruptcy court. Those written demands on Christopher, filed with the bankruptcy court, evidenced appellees' intent to hold him liable for his debt. The claim was equitable under the circumstances.

### B.

The Bankruptcy Code prevents debtors from discharging marital or child-support obligations in bankruptcy.[1] The bankruptcy court found that the attorneys' fees at issue qualify as support and are therefore non-dischargeable. Christopher points to a state-court decision finding that appellees' attorneys'

---

[1] 11 U.S.C. § 523(a)(5) (2000), *amended by* 11 U.S.C. § 523(a)(5) (Supp. V 2005) ("[D]ischarge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . for alimony to, maintenance for, or support of such spouse or child, in connection with a separate agreement, divorce decree or other order of a court of record . . . .").

4

No. 16-20079

fees were not in the nature of support,[2] as well as two recent Texas Supreme Court opinions that limit the circumstances under which Texas state courts can award attorneys' fees for child support.[3] The bankruptcy court, however, was not constrained by those state-court rulings.

"Whether a particular debt is a support obligation, excepted from discharge under 11 U.S.C. § 523(a)(5), is a question of federal bankruptcy law, not state law." *Hudson v. Raggio & Raggio, Inc.* (*In re Hudson)*, 107 F.3d 355, 356 (5th Cir. 1997). The text of section 523(a)(5), as it existed when the bankruptcy case was filed, is broadly worded: Any debt that is owed to a former spouse "for alimony to, maintenance for, or support of such spouse or child, *in connection with* a separation agreement, divorce decree or other order of a court of record" is non-dischargeable (emphasis added).[4] Courts in this circuit have consistently read that text to mean that attorneys' fees incurred for the conservatorship of children are not dischargeable.[5]

---

[2] *See McCloskey v. McCloskey*, No. 14-06-00470-CV, 2009 WL 3335868, at *2 (Tex. App.—Houston [14th Dist.] Apr. 2, 2009).

[3] *Tedder v. Garner Aldrich, LLP*, 421 S.W.3d 651, 655–56 (Tex. 2013) (finding that a person can be held liable for a spouse's attorneys' fees only if he either acts as an agent for the spouse or the fees are for "necessaries" such as "food, clothing, and habitation"); *Tucker v. Thomas*, 419 S.W.3d 292, 295 (Tex. 2013) (stating that "in the absence of express statutory authority, a trial court may not award attorney's fees recoverable by a party in a non-enforcement modification suit as necessaries or additional child support").

[4] *See also Biggs v. Biggs (In re Biggs)*, 907 F.2d 503, 505 (5th Cir. 1990) ("[N]othing in the language of section 523(a)(5) indicates that the dischargeability of an obligation turns on state laws regulating alimony and support."); *Browning v. Navarro*, 887 F.2d 553, 561 (5th Cir. 1989) ("[B]ankruptcy courts have a job to do and sometimes they must ignore res judicata in order to carry out Congress' mandate.").

[5] *See, e.g., Sonntag v. Prax (In re Sonntag)*, 115 F. App'x 680, 681–82 (5th Cir. 2004) (per curiam); *In re Hudson*, 107 F.3d at 357; *Dvorak v. Carlson (In re Dvorak)*, 986 F.2d 940, 941 (5th Cir. 1993); *Hill v. Snider (In re Snider)*, 62 B.R. 382, 387 (Bankr. S.D. Tex. 1986); *Hack v. Laney (In re Laney)*, 53 B.R. 231, 235 (Bankr. N.D. Tex. 1985).

No. 16-20079

C.

Filing for bankruptcy automatically stays "a wide array of collection and enforcement proceedings against the debtor and his property." *Pa. Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552, 560 (1990). Christopher filed for bankruptcy in January 2005. In the months and years that followed, the state courts issued a number of orders, including a garnishment judgment, which Christopher maintains violated the automatic stay.

There are three problems with that theory. First, the bankruptcy court granted three motions for relief from the stay so that the state proceedings could go forward. Those orders allowed the state courts to issue orders without violating the stay. Second, at the time Christopher filed for bankruptcy, the Bankruptcy Code included exceptions to the automatic stay for "the establishment or modification of an order for alimony, maintenance, or support"[6] and for "the collection of alimony, maintenance, or support from property that is not property of the estate."[7] Those two exceptions cover all of the relevant state-court orders.[8] Third, Christopher's arguments about the appropriateness of specific state-court orders are foreclosed by the *Rooker-Feldman* doctrine and res judicata. The *Rooker-Feldman* doctrine bars the lower federal courts from modifying or reversing state-court judgments. *See Ingalls v. Erlewine (In re Erlewine)*, 349 F.3d 205, 209 (5th Cir. 2003). Res judicata prevents parties from re-trying claims that they have already litigated where, as here, there

---

[6] *See* 11 U.S.C. § 362(b)(2)(A)(ii) (2000), *amended by* 11 U.S.C. § 362(b)(2)(A)(ii) (Supp. V 2005).

[7] *See* 11 U.S.C. § 362(b)(2)(B) (2000), *amended by* 11 U.S.C. § 362(b)(2)(B) (Supp. V 2005).

[8] Christopher voluntarily exempted his Fidelity IRA investment account (the subject of the garnishment proceedings) from his bankruptcy estate in early 2006, before the garnishment proceedings began.

6

No. 16-20079

was a final judgment on the merits. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992).

## D.

In June 2003, a state appellate court reviewing Christopher's state-law claims decided that Texas law does not allow parties to be reimbursed for attorneys' fees relating to property division. The trial court had awarded fees to appellees for child-support-related and property-division-related costs, so the appellate court remanded with instruction to segregate the fees, stating that "Anne is willing to rectify the matter by classifying the fees as part of the division of property [rather than as child support]."[9]

"Judicial estoppel . . . prevent[s] a litigant from contradicting its previous, inconsistent position when a court has adopted and relied on it." *Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 303 (5th Cir. 1998). Christopher argues that appellees are judicially estopped from claiming that the attorneys' fees should qualify as support, given that Anne has already admitted in state court that the fees were not entirely support-related. Again, we disagree. Bankruptcy courts must "look beyond the labels which state courts—and even parties themselves—give obligations which debtors seek to discharge." *Dennis v. Dennis (In re Dennis)*, 25 F.3d 274, 277 (5th Cir. 1994).[10] A party may argue in bankruptcy court that an obligation constitutes support even if she has urged to the contrary in state court. *Id.* at 278. Therefore, appellees are not judicially estopped from bringing this claim.

---

[9] *McCloskey v. McCloskey*, No. 14-00-01300-CV, 2003 WL 21354709, at \*5 (Tex. App.—Houston [14th Dist.] June 12, 2003).

[10] *See also Benich v. Benich (In re Benich)*, 811 F.2d 943, 945–46 (5th Cir. 1987) (finding that monthly payments to ex-spouse agreed to in a property-settlement agreement qualify as non-dischargeable support).

No. 16-20079

In sum, the award is non-dischargeable under 11 U.S.C. §  523(a)(5).  The judgment of the district court, affirming the bankruptcy court, is AFFIRMED.