Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/24/2024 09:06 AM CDT

Rodolfo A. Quiles, appellant, v.
Taina R. Collazo, formerly known as
Taina R. Collazo-Quiles, appellee.

___ N.W.3d ___

Filed September 17, 2024.    No. A-23-665.

1. **Attorney Fees: Appeal and Error.** A trial court's decision awarding or denying attorney fees will be upheld on appeal absent an abuse of discretion.
2. **Appeal and Error.** Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.
3. ____. Whether an assignment of error and accompanying argument is too vague to be sufficiently raised before the appellate court is a question of law.
4. **Bankruptcy: Alimony: Child Support.** Pursuant to 11 U.S.C. § 523(a)(5) (2018 & Supp. IV 2022), any debt that is categorized as a "domestic support obligation" is exempted from a chapter 13 discharge.
5. ____: ____: ____. A debt that is actually in the nature of alimony, maintenance, or support of a spouse, former spouse, or child of the debtor is nondischargeable in bankruptcy.
6. ____: ____: ____. The determination of whether a particular debt constitutes alimony, maintenance, or support within the meaning of 11 U.S.C. § 523(a) (2018 & Supp. IV 2022) is a question of federal bankruptcy law, not state law.
7. **Bankruptcy.** Bankruptcy courts may afford deference to a state court's categorization of a debt, but they are not bound by the state court's decision.
8. **Divorce: Alimony: Child Support: Property Division.** Factors to be considered by the courts in determining whether an award arising out of marital dissolution proceedings was intended to serve as an award for alimony, maintenance, or support, or whether it was intended to serve as a property settlement, include, but are not limited to: the relative

financial conditions of the parties at the time of the divorce; the respective employment histories and prospects for financial support; the fact that one party or another receives the marital property; the periodic nature of the payments; and whether it would be difficult for the former spouse and children to subsist without the payments.

9. **Bankruptcy: Alimony: Child Support.** Federal bankruptcy courts are not bound by a state trial court's designation of a debt as a domestic support obligation. A state court's characterization of a debt is only advisory to a bankruptcy court.

10. **Rules of the Supreme Court: Judges.** The Nebraska Revised Code of Judicial Conduct says that a judge shall perform all duties of judicial office fairly and impartially.

11. **Judges: Recusal.** It is a judge's duty to disqualify himself or herself whenever the judge's impartiality might reasonably be questioned. This duty exists even in the absence of a motion by a party and continues throughout the proceedings.

12. ____: ____. Judges are under a continuing obligation to disqualify themselves whenever their impartiality may be reasonably questioned, and although a judge may initially be free from bias and prejudice, disqualification may well become necessary over the course of a proceeding.

13. **Rules of the Supreme Court: Judges: Recusal.** As the Nebraska Revised Code of Judicial Conduct provides, a judge should disclose on the record any information that the judge believes the parties or their lawyers might reasonably consider relevant to a possible motion for disqualification, even if the judge believes there is no basis for disqualification.

14. **Judges: Recusal: Presumptions.** It is presumed that all judges in this state carry out all of their duties competently and diligently. Accordingly, a defendant seeking to disqualify a judge on the basis of bias or prejudice bears the heavy burden of overcoming the presumption of judicial impartiality.

15. **Constitutional Law: Due Process: Trial: Judges: Recusal: Waiver.** A party cannot waive the disqualification of a judge due to the judge's personal bias or prejudice toward the party or the party's lawyer. This is because the right to an impartial judge is guaranteed under the Due Process Clauses of the U.S. and Nebraska Constitutions, the parameters of which are coextensive.

16. **Judges: Recusal: Appeal and Error.** When a party fails to object to alleged judicial bias at trial, and instead raises the issue for the first time on appeal, the appellate court's review is limited to plain error.

17. **Records: Appeal and Error.** It is incumbent upon the appellant to present a record supporting the errors assigned.

18. **Appeal and Error.** An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. A generalized and vague assignment of error that does not advise an appellate court of the issue submitted for decision will not be considered.

19. **Rules of the Supreme Court: Appeal and Error.** Depending on the particulars of each case, failure to abide by the rules of the Nebraska Supreme Court may result in an appellate court waiving the error, proceeding on a plain error review only, or declining to conduct any review at all.

Appeal from the District Court for Douglas County: TODD O. ENGLEMAN, Judge. Affirmed.

Rodolfo A. Quiles, pro se.

David Pontier, of Koenig | Dunne, P.C., L.L.O., for appellee.

PIRTLE, Chief Judge, and ARTERBURN and WELCH, Judges.

PIRTLE, Chief Judge.

## INTRODUCTION

Rodolfo A. Quiles (Rodolfo), proceeding pro se, appeals from the decree of the district court for Douglas County granting him a divorce from Taina R. Collazo, formerly known as Taina R. Collazo-Quiles (Taina). After the district court issued a divorce decree, the parties both motioned to modify the decree, and Taina requested the court hold Rodolfo in contempt for failing to pay her certain sums required by the decree. After a trial was held on those matters, the court set a hearing to determine attorney fees. This hearing was ultimately delayed because Rodolfo filed for chapter 13 bankruptcy and later filed an interlocutory appeal. Eventually, the hearing was held, and the district court ordered Rodolfo to pay Taina $28,656 in attorney fees. Rodolfo now appeals that award and asserts the district court failed to disclose a conflict of interest. For the reasons that follow, we affirm.

## BACKGROUND

We first note that the record in this matter is limited. Although there was an underlying modification and contempt trial, the record does not include any of the pretrial motions, evidence, or testimony from the trial. The only documents we have concerning the trial are the district court's orders. Likewise, while there were several posttrial hearings on a variety of matters, the motions that prompted those hearings are not in the record. Instead, the bill of exceptions contains only the transcribed recordings from the posttrial hearings, but not from the trial. Accordingly, our recitation of facts relies heavily on the procedural backgrounds articulated in the district court's orders.

On February 14, 2020, the district court issued an amended divorce decree that finalized Rodolfo and Taina's divorce. As part of this decree, Taina was awarded legal custody of the parties' two children, subject to Rodolfo's parenting time. The decree also ordered Rodolfo to pay $1,265 a month in child support plus an additional $300 to "avoid cost sharing non-medical and non-childcare expenses" for the children.

On April 28, 2020, Rodolfo filed a motion to modify the divorce decree as a self-represented litigant. This motion was evidently prompted by Rodolfo's move out of state, which made certain provisions of the decree unworkable.

On August 30, 2021, Taina filed an amended answer and counterclaim for modification. Rodolfo filed a reply on September 2. Then on October 25, Taina filed a verified application for an order to appear and show cause due to Rodolfo's failing to pay Taina various sums required by the amended divorce decree. A trial on these matters was held on March 8, 2022.

On March 29, 2022, the district court issued its order of modification that awarded Taina primary physical custody of the children and increased Rodolfo's child support obligation to $2,188 per month. Also on March 29, the court issued an order finding Rodolfo in contempt and instructing him to pay

Taina $57,622.52 for unpaid child support, alimony, property settlement payments, attorney fees, court sanctions, and marital residence sale proceeds. The district court then set a further hearing for May 2 to determine the amount of attorney fees Rodolfo owed Taina in relation to the modification and contempt proceedings.

On April 28, 2022, Rodolfo filed a petition for chapter 13 bankruptcy in the U.S. Bankruptcy Court for the Middle District of Florida. As part of the bankruptcy case, an automatic stay was issued in the Nebraska proceedings.

On May 3, 2022, Rodolfo filed an interlocutory appeal in the Nebraska proceedings that took issue with the court's March 29 orders. That appeal was ultimately dismissed by this court because there was not a final, appealable order or judgment.

On July 14, 2022, the bankruptcy court entered an order lifting the automatic stay in the Nebraska proceedings so the district court could determine how much Rodolfo owed Taina in attorney fees for the modification, contempt, and bankruptcy proceedings. Additionally, the bankruptcy court stated the stay was being lifted so the district court could enter further orders regarding the "payment of domestic support obligations from property that is not property of the estate, including [Rodolfo's] exempt retirement accounts."

On September 2, 2022, the district court held a hearing on Taina's motion to determine attorney fees and payment of support obligations, Rodolfo's motion to dismiss that motion, and Taina's motion to reopen evidence from the March 8 trial and recalculate child support. At this hearing, the court first addressed the matter of attorney fees and received a certified copy of the bankruptcy court's order and an affidavit from Taina's attorney to support the requested attorney fees.

The court then addressed Taina's motion to reopen evidence from the March 8, 2022, trial. The hearing transcript reflects that this motion was filed after Taina's attorney discovered that Rodolfo mispresented his income during the trial. In

support of this motion, the court received an exhibit Rodolfo filed with the bankruptcy court where he listed his monthly income as $9,238.25; a copy of Rodolfo's employment agreement, which showed a biweekly income of $8,076.92; and an updated child support calculation that reflected Rodolfo's monthly income as $20,419, as an aid to the court. Notably, Taina's attorney indicated that the difference between the income listed in Rodolfo's employment agreement and the updated child support calculation was due to Rodolfo's military retirement pay, which had not changed. The court also noted that because the motion to reopen evidence and recalculate child support had been filed the same week as the hearing, it was going to schedule a future hearing to provide Rodolfo additional time to gather any evidence he wanted to submit.

The district court issued an order the same day that found Taina was owed $17,176 in attorney fees for the modification and contempt proceedings and $11,480 in attorney fees for the bankruptcy proceedings. The court deemed these fees to be domestic support obligations that Rodolfo had to satisfy within 30 days "by liquidating his bankruptcy exempted retirement funds." Finally, the court set a further hearing to allow Rodolfo an opportunity to introduce rebuttal evidence concerning the recalculation of his child support obligations.

The hearing was scheduled for August 15, 2023, but before it could take place, Rodolfo filed another interlocutory appeal. This court ultimately dismissed that appeal on July 5 for the continued lack of a final, appealable order or judgment.

On August 15, 2023, the hearing for Rodolfo to provide rebuttal evidence took place. On August 23, the district court issued an order finding that Rodolfo did not rebut Taina's evidence and that he had mispresented his income at the March 8, 2022, trial. The court then recalculated his child support obligation to be $2,536 per month.

On August 29, 2023, Rodolfo, still proceeding pro se, filed the current appeal.

## ASSIGNMENTS OF ERROR

Rodolfo assigns as follows: (1) The district court should have adhered to the uniform code of legal procedures and not awarded attorney fees against Rodolfo as in the nature of support and as a domestic support obligation, (2) the district court should have adhered to the canons of the Nebraska Code of Judicial Conduct and disclosed to Rodolfo a potential conflict of interest between the district court judge and Taina's prior divorce counsel, and (3) the district court should have issued tenable orders that would not unfairly deprive Rodolfo of substantial rights.

## STANDARD OF REVIEW

[1] A trial court's decision awarding or denying attorney fees will be upheld on appeal absent an abuse of discretion. *Hawks v. Hawks*, 32 Neb. App. 70, 993 N.W.2d 688 (2023).

[2] Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *Steffy v. Steffy*, 287 Neb. 529, 843 N.W.2d 655 (2014).

[3] Whether an assignment of error and accompanying argument is too vague to be sufficiently raised before the appellate court is a question of law. *State v. Abdullah*, 289 Neb. 123, 853 N.W.2d 858 (2014).

## ANALYSIS

*Attorney Fees.*

Rodolfo first assigns the district court "should have adhered to the uniform code of legal procedures and not award[ed] attorneys' fees against [Rodolfo] as in the nature of support and as a domestic support obligation." Within this assignment, he makes several disjointed arguments. He starts by acknowledging that there is a uniform course of procedure in Nebraska that allows for attorney fees to be awarded in dissolution actions. But he next asserts the district court should not have awarded the fees because it did not adequately explain its reasoning for imposing a 30-day deadline to pay the fees, Taina's

attorney failed to provide certain facts about her employment status, and Taina did not prevail in every one of her arguments. He then shifts his argument to the district court's failure to articulate why the fees were domestic support obligations and how the court lacked jurisdiction to make the awards when the bankruptcy court purportedly had exclusive jurisdiction over the dischargeability of his debts.

[4,5] We determine that this assignment fails because Rodolfo is unable to demonstrate he was prejudiced by the district court's characterizing the attorney fee awards as domestic support obligations. Pursuant to 11 U.S.C. § 523(a)(5) (2018 & Supp. IV 2022), any debt that is categorized as a "domestic support obligation" is exempted from a chapter 13 discharge. See *In re Spencer*, 868 F.3d 748 (8th Cir. 2017). A domestic support obligation is defined in 11 U.S.C. § 101(14A) (2018 & Supp. IV 2022) as a debt (1) "owed to or recoverable by . . . (i) a spouse, former spouse, or child of the debtor"; (2) "in the nature of alimony, maintenance, or support"; (3) "established . . . by reason of applicable provisions of . . . (i) a separation agreement, divorce decree, or property settlement agreement; (ii) an order of a court of record; or (iii) a determination made in accordance with applicable nonbankruptcy law"; and (4) "not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily." Thus, under this section, if a debt is "'actually in the nature of'" alimony, maintenance, or support of a spouse, former spouse, or child of the debtor, it is nondischargeable in bankruptcy. *Halouska v. Halouska*, 7 Neb. App. 730, 797, 585 N.W.2d 490, 503 (1998).

[6,7] The federal circuit courts have uniformly decided that the determination of whether a particular debt constitutes alimony, maintenance, or support within the meaning of 11 U.S.C. § 523(a) is a question of federal bankruptcy law, not state law. See, *In re Taylor*, 737 F.3d 670 (10th Cir. 2013); *In re Phegley*, 443 B.R. 154 (B.A.P. 8th Cir. 2011); *In re Sodergren*, 802 Fed. Appx. 277 (9th Cir. 2020); *In Matter of McCloskey*, 659 Fed. Appx. 196 (5th Cir. 2016). And therefore, bankruptcy

courts may afford deference to a state court's categorization of a debt, but they are not bound by the state court's decision. See, *Halouska v. Halouska, supra*; *Ziegenhorn v. Iowa Dist. Court*, 510 N.W.2d 894, 898 (Iowa App. 1993) ("label placed upon an obligation in a dissolution decree by either the state court or the parties is not dispositive on whether the debt is dischargeable [under] 11 U.S.C. § 523(a)(5)(B)"); *In re Weihs*, 1 Fed. Appx. 578 (8th Cir. 2001).

In *Halouska v. Halouska, supra*, a Nebraska trial court overseeing a divorce proceeding found in favor of the wife and awarded her alimony, child support, attorney fees, and the value of their shared property. In addition, the court took an extra step to ensure the husband would pay those amounts in the event of a bankruptcy by designating all his debts as domestic support obligations. On appeal to the Court of Appeals, the husband argued that the record did not support categorizing the debt as a domestic support obligations and that doing so demonstrated unequal treatment of the parties. However, we determined the district court did not abuse its discretion because the court's order was only advisory to a later bankruptcy court. And therefore, the husband was unable to show he was prejudiced by the judgment.

[8] In finding that the trial court did not abuse its discretion, we discussed the factors that the federal bankruptcy courts utilize in determining whether debts are nondischargeable under 11 U.S.C. § 523(a)(5):

"Factors to be considered by the courts in determining whether an award arising out of marital dissolution proceedings was intended to serve as an award for alimony, maintenance or support, or whether it was intended to serve as a property settlement include, but are not limited to: the relative financial conditions of the parties at the time of the divorce; the respective employment histories and prospects for financial support; the fact that one party or another receives the marital property; the periodic nature of the payments; and whether it would

be difficult for the former spouse and children to subsist without the payments."

*Halouska v. Halouska*, 7 Neb. App. 730, 747-48, 585 N.W.2d 490, 503 (1998) (quoting *In re Moeder*, 220 B.R. 52 (B.A.P. 8th Cir. 1998)). We next explained:

Although the trial court's designation of the debts as support might be one indication of the "function" the award was intended to serve, it is obviously not conclusive. And certainly a declaration that the debts are "nondischargeable in bankruptcy" is not binding on the bankruptcy court. Rather, as is clear from *In re Moeder*, a bankruptcy court will apply all of the principles enumerated above in determining whether an obligation is a support obligation or a nonsupport obligation merely disguised as one for support.

. . . .

In sum, based upon the clear language of § 523 and the rationale of *In re Moeder, supra*, if and when the dischargeability of the relevant debts becomes an issue, a bankruptcy court will look beyond the designation in the award and determine the dischargeability of relevant debts based on federal bankruptcy law. Thus, the trial court's nonbinding declaration cannot be said to be an abuse of discretion.

*Halouska v. Halouska*, 7 Neb. App. at 748-49, 535 N.W.2d at 504.

[9] Rodolfo's current assignment presents a similar situation. Although the bankruptcy court requested the district court to determine the amount of attorney fees and whether they constituted domestic support obligations, the district court's findings remained advisory. Because the categorization of debts as domestic support obligations is a question of federal bankruptcy law, not state law, we likewise determine that Rodolfo was not prejudiced by the court's characterization of his debts. Therefore, we are unable to find that the court

abused its discretion in awarding the attorney fees and labeling them as domestic support obligations.

*Judicial Conflict of Interest.*

Rodolfo next assigns that the presiding district court judge should have disclosed a potential conflict of interest he had with Taina's prior attorney, "Attorney Spomer." See brief for appellant at 22. He asserts that before taking the bench, the judge worked with Spomer. Rodolfo generally asserts that the judge should have disclosed this connection with Taina's former counsel and that his failure to do so violated the Nebraska Revised Code of Judicial Conduct.

[10-14] The Nebraska Revised Code of Judicial Conduct says that a judge "'shall perform all duties of judicial office fairly and impartially.'" *State v. Ezell*, 314 Neb. 825, 835-36, 993 N.W.2d 449, 458 (2023). It is a judge's duty to disqualify himself or herself whenever "'the judge's impartiality might reasonably be questioned.'" *Id.* at 836, 993 N.W.2d at 458. This duty exists even in the absence of a motion by a party and continues throughout the proceedings. *Id.* Judges are under a continuing obligation to disqualify themselves whenever their impartiality may be reasonably questioned, and although a judge may initially be free from bias and prejudice, disqualification may well become necessary over the course of a proceeding. *Id.* As the Nebraska Revised Code of Judicial Conduct provides, a judge should disclose on the record any information that the judge believes the parties or their lawyers "'might reasonably consider relevant to a possible motion for disqualification, even if the judge believes there is no basis for disqualification.'" *Id.* at 836, 993 N.W.2d at 458. It is presumed that all judges in this state carry out all of their duties competently and diligently. *State v. Ezell, supra.* Accordingly, a defendant seeking to disqualify a judge on the basis of bias or prejudice bears the heavy burden of overcoming the presumption of judicial impartiality. *Id.*

[15,16] Taina argues that because this is the first time Rodolfo has raised this issue, he waived his ability to raise

it on appeal. However, a party cannot waive the disqualification of a judge due to the judge's personal bias or prejudice toward the party or the party's lawyer. *Id.* This is because the right to an impartial judge is guaranteed under the Due Process Clauses of the U.S. and Nebraska Constitutions, the parameters of which are coextensive. *State v. Ezell, supra.* However, when a party fails to object to alleged judicial bias at trial, and instead raises the issue for the first time on appeal, the appellate court's review is limited to plain error. See, e.g., *Russell v. Anderson*, 966 F.3d 711 (8th Cir. 2020) (reviewing appellant's allegations of judicial bias for plain error when objections to district court's comments were not made at trial). See, also, *U.S. v. Caldwell*, 81 F.4th 1160 (11th Cir. 2023); *U.S. v. Lanza-Vázquez*, 799 F.3d 134 (1st Cir. 2015).

[17] In the matter at hand, the record contains no information about the presiding judge's alleged conflict of interest. It is incumbent upon the appellant to present a record supporting the errors assigned. *William P. v. Jamie P.*, 313 Neb. 378, 984 N.W.2d 285 (2023). The only information we have concerning the judge's purported relationship with Taina's former attorney comes from Rodolfo's appellate brief. Notably, because this is the only source of information, we do not even know Spomer's first name. Because there is nothing in the record regarding this issue, we do not know when, or even if, this "Attorney Spomer" represented Taina. Further, we have no evidence linking this person with the district court judge. And because the bill of exceptions in this matter is incomplete, we have no way to know whether the judge previously disclosed this alleged relationship. With absolutely no record or evidence concerning this purported conflict of interest, we are unable to determine that the district court erred, let alone plainly erred.

*Orders Affected Rodolfo's Substantial Rights.*

Rodolfo next assigns that the district court "should have issued tenable orders that would not unfairly deprive [him] of substantial rights." Within this assignment, he provides

citations to various legal authorities about how to determine whether the division of property in a dissolution proceeding is equitable, the appellate standard of review for reviewing alimony awards, whether an order is a final order or judgment, and when a proceeding is related to a bankruptcy case. He then asserts various facts not in the record concerning his alleged offer to settle with Taina prior to the March 8, 2022, trial.

Next, Rodolfo cites to the transcribed recording for the September 2, 2022, hearing where he argued that the court could not liquidate his retirement account under the bankruptcy code and that the 30-day deadline to satisfy the judgments was untenable. He then generally argues that the court incorrectly concluded that Taina's awards could be satisfied from his retirement account and that the district court did not have authority to intrude upon the bankruptcy process. Lastly, he cites several provisions of the federal bankruptcy code to contend that the district court's orders curtailed his right to file for bankruptcy, because its orders limited his ability to pursue other options provided by the bankruptcy code. He asserts these other options include the ability to delay his filing, voluntarily dismiss his current filing, and change the "six-month 'look back'" period used to determine his projected disposable income. Brief for appellant at 32.

[18,19] We determine this assignment cannot be considered on appeal. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Sundquist*, 301 Neb. 1006, 921 N.W.2d 131 (2019). A generalized and vague assignment of error that does not advise an appellate court of the issue submitted for decision will not be considered. *Id.* Depending on the particulars of each case, failure to abide by the rules of the Nebraska Supreme Court may result in an appellate court waiving the error, proceeding on a plain error review only, or declining to conduct any review at all. See *County of Lancaster v. County of Custer*, 313 Neb. 622, 985 N.W.2d 612 (2023).

Rodolfo's assignment broadly takes issue with the district court's "[un]tenable orders" because they affected his "substantial rights." Beyond the vagueness of that assertion, his argument section does nothing to clearly define the specific matter he is discussing. As such, we are unable to discern what specific issue he is submitting on appeal. And although we reserve the ability to conduct a plain error review in such cases where a party fails to abide by the rules of the Nebraska Supreme Court, given the unintelligible nature of this assignment, we decline to conduct any review at all.

## CONCLUSION

We determine the district court did not abuse its discretion in categorizing the attorney fee awards as domestic support obligations, because its judgment was only advisory to the bankruptcy court. We also determine that the court did not plainly err as it relates to Rodolfo's allegations of judicial misconduct, and we do not consider Rodolfo's third assignment of error because it is insufficiently assigned and argued in his brief.

AFFIRMED.